216 A.2d 511.

KENT COUNTY LAND COMPANY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

FEBRUARY 4, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Warwick wherein permission was granted for the erection of a single-family dwelling house on an undersized lot. Pursuant to the writ the board returned to this court a certified copy of the records of the proceedings before it.

It appears therefrom that Roy C. Rooks and his wife Barbara are the owners of a lot located on Rhode Island avenue in the Warwick Neck section of the city, the total land area of which is 30,000 square feet. It further appears that under the pertinent provisions of the zoning ordinance the land area required to authorize the erection of a single-family dwelling is 40,000 square feet. The application obviously requests that the board vary the terms of the ordinance in this respect by the grant of a variance.

While the language of the decision granting the relief sought is rather imprecise, it seems clear therefrom that the board intended to grant a variance from a literal enforcement of the terms of the ordinance relating to the

required lot size. The record discloses that a hearing was held on the application and that the board, in granting the variance, in its decision noted that it had viewed the premises and weighed the testimony adduced at the hearing and concluded that to grant the application "will keep and maintain the residential aspect of and will offer substantial improvement to the neighborhood * * *."

The circumstances of the instant case clearly bring it within the purview of the decision of this court in *Denton* v. *Zoning Board of Review,* 86 R. I. 219, the element of unnecessary hardship resulting from a literal enforcement of pertinent ordinance provisions appearing from the requirement of 40,000 square feet for use of the land as a single-family dwelling and the evidence adduced that the applicants' lot contains only 30,000 square feet. In that case we said at page 222: "It is not disputed that petitioners' lot contains less than the required land area. If the terms of the ordinance above stated were applied literally in this case, there is no permitted use thereunder to which the land may be put. In such circumstances petitioners are deprived of all beneficial use of their lot." It is our opinion that in the circumstances of the instant case the language quoted from the *Denton* case is entirely applicable and should control the disposition of this petition for certiorari.

The petitioner argues, in effect at least, that the rule in *Denton* v. *Zoning Board of Review, supra,* has no application in the instant case. In support of this contention, it points to the provisions contained in sec. 3.4.2 of the ordinance, which would appear to obligate the board to hold that the lot under consideration had been merged with another lot adjoining that owned by the applicants. The ordinance provides that where two or more nonconforming lots front on the same street and are under the same ownership, "such combination of non-conforming lots, or a portion thereof, constitutes a lot of minimum size as defined in Section 5 of this ordinance, such combination or portion

shall be considered as conforming to the requirements of this ordinance and no structure may be constructed thereon unless it meets the requirements hereof." This is to argue, as we understand it, that the board abused its discretion by reason of its failure to comply with the above-quoted ordinance provision and hold that the lot for which the variance is sought had merged with another lot owned by the applicants.

We are of the opinion, however, after considering the state of the record here, that the question of the effect of this provision of the ordinance is not presented to us for determination. Nowhere in the record is it made to appear that these applicants had title to two lots fronting on the same street as contemplated in the ordinance at the date the zoning ordinance was adopted.

The petitioner contends also that the board abused its discretion in granting the variance in that unnecessary hardship could not be found to exist where the applicants have had an offer from the objector to purchase the land under consideration. We cannot agree with this contention. The concept of zoning contemplates restrictions upon the full use of one's land, and the variance is intended to provide a lawful use thereof to avoid confiscation. In other words, a land use within the zoning concept means a use that may be made thereof by the owner subject to zoning legislation to an extent that does not work a confiscation. We cannot agree that an opportunity to sell the land provides the owner with such a use.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered returned to the board.

*Armstrong, Gibbons & Lodge, Walter F. Gibbons, Joseph G. Kinder,* for petitioner.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent board.

*Constance L. Messore,* for applicants.