2 Ill. App.3d 360 (1971)
276 N.E.2d 485
WAYNE MAKEL, et al., Plaintiffs-Appellees,
v.
ZONING BOARD OF APPEALS OF THE CITY OF PARK RIDGE, et al., Defendants-Appellants.
No. 53462.
Illinois Appellate Court  First District.
November 3, 1971.
*361 *362 Albert A. Klest, of Park Ridge, for appellants.
Nisen, Elliott, Meier & Bowles, of Chicago, for appellees.
Judgment affirmed.
Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:
The plaintiffs, Wayne Makel and John Waters, applied for a building permit to obtain leave of the City of Park Ridge to construct a residence. The City declined to issue the permit. The plaintiffs then petitioned the Zoning Board of Appeals of the City of Park Ridge, seeking permission to construct a residence with sideyards of 2 1/2 feet rather than the required 4 feet. The plaintiffs' petition was denied. The plaintiffs filed a complaint in the circuit court of Cook County seeking administrative review of the Board's ruling. The court set aside the decision of the Board and entered judgment granting the variance to the plaintiffs.
On appeal, the Zoning Board of Appeals of the City of Park Ridge contends that the court erred in reversing the Board's denial of a variation to the setback requirements because the petitioners failed to establish by clear and convincing evidence that they satisfied the three statutory prerequisites to the granting of such a variation. The facts are as follows:
The property in question is a vacant lot located on the northeast corner of Talcott Street and Grove Avenue in Park Ridge, Illinois. It occupies approximately 25 feet on Talcott Street, a northwest and southeast *363 street and 125.5 feet on Grove Avenue which runs northeast and southwest. The lot is bordered by a 14 foot wide alley on the north and a house on the east. The subject property is located within a single family residence district which is classified under the Park Ridge Zoning Ordinance as "A" residential. The application of the Park Ridge Zoning Ordinance results in restricting the width of a building built on the lot in question to 17 feet since 4 feet sideguards are required on each side of the proposed building.
At the Board of Zoning Appeals hearing, John Waters testified that a 17 foot wide building is undesirable, extremely difficult to sell and unsightly. He also testified that there were several buildings in Park Ridge which were 19 feet in width on 25 feet lots. Mr. Waters stated that the building could be constructed closer to the sidewalk by allowing a one foot setback from the sidewalk and maintaining a four foot setback on the side of the lot next to the adjoining property owner. The adjoining residence is currently over five feet from the property line so that there would be a total space of 9 feet between the two houses. Mr. Waters mentioned that the existing sidewalk was approximately 2 feet from the property line so that the actual setback from the sidewalk would be 3 feet. The lot was offered to the adjoining property owner, but he declined to purchase it.
 1 The fact that there is no testimony or other evidence opposing or rebutting the plaintiff's evidence does not, in itself, authorize reversal of the decision of the Zoning Board. The plaintiffs must satisfy the proof required under the ordinance and the statute. River Forest Bank & Trust Co. v. Zoning Board, 34 Ill. App.2d 412.
The Illinois Statute imposes three conditions which must be met by an applicant (in municipalities where authority to decide and approve variations is vested in a Board of Appeals) as it is in the Zoning Board of Appeals of the City of Park Ridge. The Statute says:
"Variations shall be permitted by the board of appeals only when they are in harmony with the general purpose and intent of the regulations and only in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any of those regulations relating to the use, construction, or alteration of buildings or structures or the use of land. In its consideration of the standards of practical difficulties or particular hardship, the board of appeals shall require evidence that (1) the property in question cannot yield a reasonable return if permitted to be used only under the conditions allowed by the regulations in that zone; and (2) the plight of the owner is due to unique circumstances; and (3) the variation, if granted, will *364 not alter the essential character of the locality. A variation shall be permitted only if the evidence, in the judgment of the board of appeals, sustains each of the three conditions enumerated." Ill. Rev. Stat. 1967, 1967, ch. 24, par. 11-13-4.
The Zoning Ordinance of the City of Park Ridge is patterned exactly after the above cited Illinois Statute so far as the granting of variances is concerned.
 2 As to the first statutory requirement, a fair inference could be drawn from the testimony at the hearing that the property could not yield a reasonable return as presently zoned. The lot had been vacant for decades and was the only vacant lot in the area. A 17 foot wide building would be much too narrow to be economically feasible. There is no market for such an unsightly and useless residence.
 3 As to the second requirement the proof was adequate that the plight of the plaintiffs was due to unique circumstances. There was a difficulty of a dimensional nature since the lot was only 25 feet wide. At the hearing, John Waters testified that there were other 25 foot wide lots in Park Ridge upon which 19 foot wide residences were built. The lot in question was the only vacant lot in the area and would in all likelihood remain vacant unless the variance is granted. Not even the adjacent property owner wants to purchase the vacant lot. The vacant lot is practically valueless as presently zoned.
 4 As to the third requirement, the plaintiffs clearly showed that the variation, if granted, would not alter the essential character of the locality. The plaintiffs want to construct a residence in a residential neighborhood. The lot in question is a corner lot and the plaintiffs have shown that their residence would not encroach on the adjoining property owner's residence. The adjoining property owner did not appear at the Zoning Board of Appeals hearing.
 5-7 The plaintiffs produced substantial positive evidence of facts which justified the trial court in finding that the plaintiffs had met the statutory tests and that the Zoning Board of Appeals had abused its discretion. The variance should be granted for the reason that the refusal to do so has the effect of depreciating the value of the plaintiffs' property without any corresponding benefit to the public in general. The refusal of the Board to grant the variance imposed a considerable hardship on the plaintiffs, while the record is void of any evidence tending to show that the granting of the variance would impose any hardship on the public in general.
 8 A consideration of all of the facts and circumstances in this case impels the conclusion that the finding of the Zoning Board of Appeals and *365 its order refusing the variance is not supported by the evidence and that the trial court was correct in setting aside the decision of said Board.
For the reasons given, the judgment of the circuit court of Cook County is hereby affirmed.
Judgment affirmed.
BURMAN and DIERINGER, JJ., concur.