THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MELVIN H. FIELDS, Defendant-Appellant.

First District (4th Division)    No. 77-828

Opinion filed January 19, 1978.

James J. Doherty, Public Defender, of Chicago (Suzanne M. Xinos, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and Michael J. Boyle, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendant, Melvin H. Fields, was convicted of the offense of burglary in violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1) after a bench trial. The defendant was sentenced to a term of two to 20 years imprisonment in the Illinois State Penitentiary.

The sole issue presented for review is whether or not the defendant was proven guilty beyond a reasonable doubt when his alleged intoxication from drugs could have eliminated his ability to form an intent to commit burglary.

The facts of the case are the defendant was apprehended by Chicago police officers after throwing a cash register through the front window of a store. The store was closed to the public at the time. The manager of the store testified there were a number of watches missing from a display counter when he was summoned to the store by the police. The missing watches had been found by the arresting officer on the person of the

defendant. The defendant took the stand to testify in his own behalf. He testified he had taken five Valium tablets at one time some three to three and one-half hours before he was arrested. In addition to the tablets, he had consumed "several" shots of whiskey. The defendant further testified he remembered grabbing some objects he had taken. After closing arguments, the court found the defendant guilty of burglary and, by so doing, found the defendant's alleged intoxication was not sufficient to vitiate intent.

■■■ It is well settled in Illinois the question of whether or not the defendant was so intoxicated as to be incapable of forming the requisite intent to commit a crime is a question of fact for the trier of fact. (*People v. Sosa* (1971), 2 Ill. App. 3d 365; *People v. Moore* (1975), 27 Ill. App. 3d 102). In the instant case the trial judge found the defendant's testimony so unworthy of belief he stated he had no choice but to find him guilty. The decision of the trier of fact will not be upset on review unless there is a question of whether or not the defendant was proven guilty beyond a reasonable doubt, an unjust decision was reached, or an error of prejudicial dimension occurred in the trial. (*People v. Mallett* (1971), 2 Ill. App. 3d 55). None of these factors is present in the record before us in the instant case, and therefore we affirm the decision of the trial court.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.