**Paul and Joanne MARCHI, et al.**

v.

**TOWN OF SCARBOROUGH, et al.[1]**

Supreme Judicial Court of Maine.

Argued May 6, 1986.

Decided July 11, 1986.

Murray, Plumb & Murray, John C. Bannon, (orally), Portland, for plaintiffs.

Bernstein, Shur, Sawyer & Nelson, Christopher L. Vaniotis, (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Plaintiffs Paul and Joanne Marchi and Francisca Hamilton appeal from a judgment of the Superior Court (Cumberland County) affirming a decision of the Town of Scarborough Zoning Board of Appeals (the Board) that denied the plaintiffs' application for a setback variance. The plaintiffs contend, *inter alia*, that they met their burden of proving that they would suffer "undue hardship" if the variances

---

1. Paul Lempicki is named as a defendant in his capacity as building inspector for the Town of Scarborough, along with the municipal corporation.

were not issued. We agree and vacate the judgment.

In February, 1985, the Marchis signed an agreement to purchase from Hamilton for $16,000 a corner lot located in a residential zone in Scarborough, conditioned upon receiving a variance from the setback requirements of the Scarborough Zoning Ordinance that would make the parcel a buildable lot. If the setback requirements for such a corner lot are strictly applied, the buildable portion of the lot would be limited to an area measuring five feet by nineteen feet. One of Hamilton's neighbors has indicated that he would be willing to pay $3500 for the lot if unbuildable. After the Scarborough building inspector denied the Marchis a permit, they filed a variance appeal with the Board, as required by the town zoning ordinance. The Board denied the variance request by a tie vote of two to two. Pursuant to Rule 80B of the Maine Rules of Civil Procedure and 30 M.R.S.A. § 2411(3)(F) (1978), the plaintiffs appealed to the Superior Court. That court affirmed the Board's action. This appeal followed.

 When the Superior Court acts as an intermediate appellate court reviewing the action of a Board of Appeals, as here, no presumption of validity attaches to its judgment and the Law Court will directly examine the record as developed before the Board. *Curtis v. Main*, 482 A.2d 1253, 1255 (Me.1984); *Mack v. Municipal Officers*, 463 A.2d 717, 719–20 (Me.1983). We must determine whether the decision of the Board was unlawful, arbitrary, capricious, or unreasonable. *Penobscot Area Hous. Dev. Corp. v. City of Brewer*, 434 A.2d 14, 21 (Me.1981); *Lippoth v. Zoning Bd. of Appeals*, 311 A.2d 552, 557 (Me.1973).

Section V(B)(3) of the Scarborough Zoning Ordinance gives the Board the power to grant variances where "owing to special conditions, a literal enforcement of the provisions of [the] Ordinance would result in undue hardship." A variance may be granted only by majority vote of those members present and voting. The Ordinance requirements with respect to undue hardship comport with the statutory prerequisites of 30 M.R.S.A. § 4963(3) (Supp. 1985–1986), which reads in pertinent part:

3. **Variance.** A variance may be granted by the Board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:

A. That the land in question cannot yield a reasonable return unless a variance is granted;

B. That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. That the granting of a variance will not alter the essential character of the locality; and

D. That the hardship is not the result of action taken by the applicant or a prior owner.

The Board unanimously found that the plaintiffs met statutory requirements C and D: that the variance approval would not alter the essential character of the locality and the hardship was not the result of the applicant's action. However, in support of his vote denying the variance, one of the Board members found that the Hamilton lot could yield a reasonable return in the absence of a variance, although in his view the three other criteria of "undue hardship" were met.[2] We conclude that because the evidence does not support this finding, the decision of the Board is unreasonable.[3] *See Lippoth*, 311 A.2d at 557.

---

2. We focus on this finding, and review it in the same manner as a finding of the Board, because if it is unsupportable, the vote of this member, when corrected, must be deemed to provide the majority vote of the four member Board that is necessary for granting the variance.

3. Because only a majority vote is required for a variance approval, we do not address the negative finding of another Board member with respect to the unique circumstances requirement of the Ordinance. *Cf. Curtis*, 482 A.2d at 1258 n. 6 (court not required to test Board's negative

This court has repeatedly recognized that reasonable return is not maximum return. *See, e.g., Leadbetter v. Ferris,* 485 A.2d 225, 227 (Me.1984); *Curtis,* 482 A.2d at 1257; *Barnard v. Zoning Bd. of Appeals,* 313 A.2d 741, 749 (Me.1974). The standard for measuring reasonable return is whether "strict compliance with the terms of the Ordinance would result in the practical loss of substantial beneficial use of the land." *Leadbetter,* 485 A.2d at 228; *see also Driscoll v. Gheewalla,* 441 A.2d 1023, 1029 (Me.1982). Here, the record reveals, *inter alia,* that the property is strictly confined to residential use, is unbuildable unless the variance is granted, and the applicant is not an abutting owner. This record fully establishes the absence of any other beneficial use for this substandard lot. As in *Driscoll,* it clearly appears that literal adherence to the relevant setback restrictions, which would limit the size of the home to five feet by nineteen feet, would deprive the applicants of a reasonable return, and absent the variance, would result in the practical loss of the substantial beneficial use of the land. *Compare Driscoll,* 441 A.2d at 1029 (proposed home limited to seventeen feet by twenty feet); *see also Makel v. Zoning Bd. of Appeals,* 2 Ill.App.3d 360, 276 N.E.2d 485 (1971) (seventeen feet wide residence on corner lot would not yield reasonable return); *BCL, Inc. v. West Bradford Township,* 36 Pa. Cmwlth. 96, 387 A.2d 970 (1978) (where lot too small to conform to minimum area requirements, enforcement of ordinance will sterilize the land creating necessary hardship to justify variance); *Denton v. Zoning Bd. of Review,* 86 R.I. 219, 133 A.2d 718 (1957) (denial of variance rendering small lot unbuildable deprives owner of all beneficial use of land); *cf. Cushing v. Smith,* 457 A.2d 816, 823 (Me.1983) (where zoning restrictions would narrow the permitted uses of the property to single or two family residence, Board reasonably concluded that property would not yield a reasonable re-

finding as to one of statutory criterion when Board's denial sustained absent proof of anoth-

turn because it was best suited to use as a multi-family residence).

The defendants contend, however, that the finding of reasonable return was supported by evidence of the potential and substantially lower offer made by a neighboring property owner. We disagree.

> A variance to permit development of a substandard parcel may not be denied solely on the ground that the applicant had an offer of purchase. A landowner has the right to develop his land; he is not required to sell it.

3 Anderson, *American Law of Zoning* § 18.54, at 292 (2d ed. 1977). The fact that the property has a potential for sale to an abutting owner does not in and of itself derogate from the applicants' clear showing that this parcel is not susceptible to a beneficial use. *See Gougeon v. Board of Adjustment,* 54 N.J. 138, 253 A.2d 806 (1969); *Kent County Land Co. v. Zoning Bd. of Review,* 100 R.I. 418, 216 A.2d 511 (1966); (opportunity to sell his land does not provide owner with a "land use" within the zoning concept); *cf. Chirichello v. Zoning Bd. of Adjustment,* 78 N.J. 544, 397 A.2d 646 (1979) (salability of land for fair price constitutes only one yardstick by which to measure undue hardship).

Because the Board could not reasonably find that the denial of the variance would not result in the practical loss of substantial beneficial use of the land, a majority of the Board must be deemed to have concluded that all four undue hardship criteria have been met. Accordingly, the plaintiffs are entitled to a variance. We find it unnecessary to address the plaintiffs' remaining arguments on appeal.

The entry is:

Judgment vacated.

Remanded to Superior Court with instructions to reverse the Board's decision denying the variance.

All concurring.