John L. BROPHY

v.

TOWN OF CASTINE, et al.

Supreme Judicial Court of Maine.

Argued Nov. 2, 1987.

Decided Dec. 11, 1987.

Gregory J. Domareki (orally), Castine, for plaintiff.

James E. Patterson (orally), Ellsworth, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Plaintiff, John L. Brophy, appeals from the decision of the Superior Court, Hancock County, affirming the Castine Zoning Board of Appeals that had determined that his placement of a satellite dish within a set-back zone violated the Castine Zoning Ordinance. Brophy argues that his citation for a violation is erroneous under the ordinance, contravenes the protection accorded by regulations of the Federal Communications Commission, and violates his state and federal constitutional rights of free speech.

The Plaintiff owns residential property in Castine beside the Bagaduce River. In early 1986 he undertook to place a satellite dish on that property. To yield an adequate reception the dish had to have a precise and unobstructed view to the south. After an extensive survey, Brophy placed his dish at the *only* site on his small lot that met these requirements—just 37 feet away from the river.

The Castine Zoning Ordinance requires any structure to be set back a minimum of 75 feet from the river.[1] In May, 1986, the

---

1. The Castine Zoning Ordinance, art. 4.5.1, states:

All structures, except for those whose customary use requires direct access to the shoreline, shall be set back a minimum of 75 feet from

Castine Code Enforcement Officer commenced this proceeding against Brophy for an alleged violation. Brophy appealed to the Castine Zoning Board of Appeals which affirmed the citation. When the Plaintiff sought M.R.Civ.P. 80B review, the Superior Court also affirmed.

We reach a like result.

The Plaintiff first argues that the right to receive satellite communications is protected free speech under article I, § 4 of the Maine Constitution and the First Amendment of the United States Constitution. In *Board of Education, Island Tree Union Free School District No. 26 v. Pico*, 457 U.S. 853, 102 S.Ct. 2799, 73 L.Ed.2d 435 (1982), at least five members of the United States Supreme Court recognized that the right to receive information is a component of the concept of free speech.[2] We have also recognized such a right. *Solmitz v. Maine School Administrative District*, 495 A.2d 812, 818–19 (Me.1985).

This component right to receive speech freely, however, like the right to communicate speech freely, is not absolute. *See State v. Maine State Troopers Association*, 491 A.2d 538, 542 (Me.1985). The zoning ordinance at issue here will survive the Plaintiff's constitutional attack if the Town demonstrates that the ordinance, bearing a substantial relation to the general welfare and drawn in the least restrictive means, is necessary to promote a compelling government interest. *Id.; Association of Independent Professionals v. Maine Labor Relations Board*, 465 A.2d 401, 410–11 (Me.1983). *See also Perry Education Association v. Perry Local Edu-*

cators' Association, 460 U.S. 37, 45, 103 S.Ct. 948, 955, 74 L.Ed.2d 794 (1983) (*citing Carey v. Brown*, 447 U.S. 455, 461, 100 S.Ct. 2286, 2291, 65 L.Ed.2d 263 (1980)).

Clearly, a town may use zoning ordinances to promote its interest in the health, safety or general welfare of the community. There is likewise no doubt that a set-back requirement is a valid means of advancing that interest. *See Sibley v. Town of Wells*, 462 A.2d 27 (Me.1983); *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). The set-back of structures 75 feet from the water's edge in Castine reasonably promotes the town's interest in preserving, for the public's aesthetic welfare, those areas from development. The ordinance is narrowly drawn, applying to only those structures not customarily requiring direct access to the shore. It proscribes only those structures situated within 75 feet of the normal high tide mark of water there. The requirements of this ordinance, bearing a substantial relation to its purpose, constitute a valid exercise of police power that does not unreasonably impinge upon the Plaintiff's right.

The Plaintiff next argues that Federal Communications Commission regulations prohibiting differential treatment of satellite dishes and conventional television antenna preempts application of the local ordinance.[3] Brophy argues that in effect the set-back requirement differentiates between the two because the Code Enforcement Officer permits television antennas within the set-back zone.

2. In *Pico* only three justices in the plurality explicitly found that "the right to receive ideas follows ineluctably from the *sender's* First Amendment rights to send them.... More importantly, the right to receive ideas is a necessary predicate to the *recipient's* meaningful exercise of his own rights of speech...." 457 U.S. at 867, 102 S.Ct. at 2808. (emphasis in original).

3. The Federal Communications Commission ruling of January 14, 1986, provides that:

the normal high water elevation of a ... river ... in all districts except the Commercial District.

State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations

(a) have a reasonable and clearly defined health, safety or aesthetic objective; *and*

(b) do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or impose costs on the users of such antennas that are excessive in light of the puchase and installation cost of the equipment.

When, as in this case, the Superior Court has acted as an intermediate appellate court reviewing the action of a zoning board of appeals, we directly examine the record as it was developed before that agency. *Marchi v. Town of Scarborough,* 511 A.2d 1071, 1072 (Me.1986); *Leadbetter v. Ferris,* 485 A.2d 225, 227 (Me.1984). We do not substitute our judgment for that of the Board, but we limit ourselves to determining whether the factual evidence of record reasonably justifies the Board's decision. *Leadbetter v. Ferris,* 485 A.2d at 227 (*citing Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982)). Beyond his bare allegations, Brophy presented no evidence that television antennas are maintained, either by permit or by failure to prosecute for violation, as separate structures within the set-back zone. Absent such evidence, the Zoning Board of Appeals did not err.

Finally, the Plaintiff argues that the Board based its decision on erroneous findings. Reviewing the Board's findings as a whole, we do not find its decision unlawful, arbitrary, capricious or unreasonable. *Marchi v. Town of Scarborough,* 511 A.2d at 1072 (*citing Penobscot Area Housing Development Corp. v. City of Brewer,* 434 A.2d 14, 21 (Me.1981)).

The entry is:

Judgment affirmed.

All concurring.