**PLEASANT VIEW MOBILE
HOME PARK, INC.**

v.

**TOWN OF MECHANIC FALLS et al.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1988.

Decided March 3, 1988.

Christopher L. Vaniotis (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Gerard O. Fournier, Robert S. Hark (orally), Isaacson & Raymond, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, WATHEN,
GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Defendant, Town of Mechanic Falls, appeals from the judgment of Superior Court (Androscoggin County) declaring that the Plaintiff, Pleasant View Mobile Home Park, Inc., is not subject to further review of its project by the Defendant Town under that municipality's subdivision review power, 30 M.R.S.A. § 4956(2) (Supp. 1987). The Town contends that the Plaintiff's proposed park is subject to further review because it is a subdivision within the meaning of 30 M.R.S.A. § 4956(1) (Supp.1987) and because it does not qualify for the review exemption granted by 30 M.R.S.A. § 4956(5) (Supp.1987).

In July, 1971, the Plaintiff had applied to the Defendant Town for municipal approval of a 150–space mobile home park, projecting completion within 3 to 5 years. In August, 1971, the Mechanic Falls Planning Board approved the plan, subject to a like approval by the Town Council. The Town Council initially withheld its approval but on September 2, 1971, approved the plan. After the Mechanic Falls Building Inspector issued a building permit pursuant to the Mechanic Falls Zoning Ordinance, the Plaintiff began construction.

By the fall of 1973, 36 mobile home sites had been completed. For a number of reasons, chiefly because the Town did not complete a sewer system until 10 years after its proposed completion date, the Plaintiff did not further develop the mobile home park until April, 1986, when the owner had

in hand another's offer to purchase the park. After the Board of Environmental Protection approved the transfer of its site location order for this proposed sale, the Plaintiff appeared before the local Planning Board. Then and there the Board determined that the Plaintiff had to file an entirely new subdivision plan. After the local Zoning Board of Appeals affirmed, the Plaintiff appealed to the Superior Court, seeking declaratory relief to allow the Plaintiff to finish constructing the park without first obtaining further approval from the Planning Board. Finding substantial evidence that the park qualified for the review exemption, the Superior Court overturned the Zoning Board of Appeals. The cause comes here on appeal.

We affirm the judgment below.

Our zoning statute clearly defines a subdivision as the "division of a tract or parcel of land into 3 or more lots within any 5–year period, which period begins *after* September 23, 1971, whether accomplished by sale, lease, development, buildings or otherwise...." 30 M.R.S.A. § 4956(1) (emphasis added). The statute grants municipalities the authority to review land subdivisions, but that power does not extend to proposed subdivisions that had been approved by a planning board or municipal officers prior to September 23, 1971, in accordance with laws then in effect. *Id.* at § 4956(2) and (5).[1] By reading section 4956(1) together with section 4956(5), we construe the "period of division" referred to in section 4956(1) as commencing at the date that the planning board or municipal officers approve the proposed plan. Proposals so approved by September 23, 1971, are under both sections 4956(1) and 4956(5), exempted from review under section 4956(2).

■ In the case at bar, the minutes of the Town Council meeting and a subsequent letter of review by municipal officers show clearly that both the planning board and the municipal officers had approved

the Plaintiff's project by the statutory cutoff date of September 23, 1971. The Plaintiff's project is, therefore, not a subdivision under section 4956(1) because the period of division began *before* September 23, 1971. Section 4956(5) affirms this conclusion by itself exempting from further review proposals like this Plaintiff's approved before September 23, 1971. Under either section 4956(1) or section 4956(5), the Plaintiff's project is, therefore, not subject to municipal review under section 4956(2).

In reviewing this appeal to determine whether the decision of the Mechanic Falls Zoning Board of Appeals was unlawful, arbitrary, capricious or unreasonable, *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1072 (Me.1986), we find that the Zoning Board of Appeals committed several clear errors. First, the Board's reasoning that it was "not in a good position" to assess the legal arguments of counsel and the reasonableness of the Planning Board's decision is capricious. Second, the Board's reasoning to affirm because the case "would probably be appealed to the Superior Court in any event" is an unreasonable abdication of its responsibility to review. Third, the Zoning Board of Appeals' adoption of the Planning Board's failure to find sufficient evidence of the necessary approval is unreasonable. The record clearly evidences that, finding that the Plaintiff's proposal complied with the building code and zoning ordinance then in effect, the Planning Board and municipal officers approved this project before September 23, 1971, thus excluding the project from being classified as a subdivision.

■ The Zoning Board of Appeals also based its decision on the circumstance that "a long time" had elapsed since the initial approvals. This reasoning develops from the Defendant's argument that the Plaintiff abandoned any approval that it acquired by not pursuing the development for 13 years. To prove abandonment there must be "some clear and unmistakable act

---

1. Section 4956(5) also excludes from review subdivisions in actual existence on September 23, 1971, that did not require approval under prior law and subdivisions whose plans were

legally recorded in the proper registry of deeds prior to September 23, 1971. 30 M.R.S.A. § 4956(5). Neither of these instances is at issue in this case.

or series of acts" to indicate a purpose to relinquish a right. *Duryea v. Elkhorn Coal and Coke Corp.*, 123 Me. 482, 486, 124 A. 206, 208 (1924); *Doherty v. Russell*, 116 Me. 269, 272–73, 101 A. 305, 306–307 (1917). Proof of abandonment must be "clear and unequivocal of acts decisive and conclusive." *Duryea v. Elkhorn Coal and Coke Corp.*, 123 Me. at 486, 124 A. at 208; *Doherty v. Russell*, 116 Me. at 273, 101 A. at 306–307. The party asserting abandonment bears the burden of proving both the intention to abandon and actual abandonment. *Doherty v. Russell*, 116 Me. at 273, 101 A. at 307. Non-use, even for lengthy periods of time, is, of itself, insufficient to show an abandonment of a right. *Id.* This is true particularly where, as here, acts by the owner of the right manifest an intent contrary to abandonment. Rathkopf, *The Law of Zoning and Planning* § 50.03(3) (4th ed. 1986).

Beyond a mere showing of non-use by the Plaintiff, the Defendant Town has not satisfied its burden of proof. The Town's lone attack on the Plaintiff's non-use is undermined by the fact that the approval granted was in no way temporary. Only the park's state license was for a limited period, and that has been renewed by the Plaintiff every year since 1971. In hindsight we will not impose a specific time limit on the validity of the approval granted, especially when the Town did not see fit to apply such a limit when it gave its approval to the project.

Neither will we construe the Plaintiff's suspension of development for 13 years as unreasonable, given the fact that the Plaintiff spent ten of those years waiting for the Town to finish building the municipal sewer system that was essential to render the park operational for a full 150 sites.

Having timely and presently valid approval, the Plaintiff's mobile home park is not subject to further municipal review under section 4956(2).

The entry is:

Judgment affirmed.

McKUSICK, C.J., and WATHEN and GLASSMAN, JJ., concur.

ROBERTS, Justice, with whom SCOLNIK, J., joins, dissenting.

I respectfully disagree with the Court's conclusion that the plaintiff's project is not a subdivision subject to municipal review under section 4956. When the 1971 version of section 4956 was enacted, it contained no reference to its temporal application. P.L. 1971, ch. 454 (effective September 23, 1971). The 1971 version of subsection 1 provided that "[a] subdivision shall be the division of a tract or parcel of land into three or more lots for the purpose of sale, development or building." In 1973 the Legislature amended subsection 1 to read in pertinent part that "[a] subdivision is the division of a tract or parcel of land into three or more lots within any five-year period, whether accomplished by sale, lease, development, building or otherwise...." P.L. 1973, ch. 465, § 1. The Legislature also added a new subsection 5 providing in pertinent part that "[t]his section shall not apply to proposed subdivisions approved by the planning board or the municipal officials prior to September 23, 1971 in accordance with laws then in effect nor shall they (sic) apply to subdivisions as defined by this section in actual existence on September 23, 1971 that did not require approval under prior law." *Id.* at § 7 (emphasis added). In 1975 the Legislature, *inter alia*, inserted in subsection 1 after the phrase "five-year period" the further definition "which period begins after September 22, 1971." P.L. 1975, ch. 475 § 1. At the same time, the Legislature added to the above-quoted first sentence of subsection 5 the following: "or to a subdivision as defined by this section, a plan of which has been legally recorded in the proper registry of deeds prior to September 23, 1971." *Id.* at § 3.

In my view, this legislative history clarifies the meaning of the exemption upon which the Court relies. In reverse order, section 5 exempts subdivision plans *legally recorded* as of September 23, 1971 regardless whether approved by the municipality, i.e., *recorded* before subdivision approval was required. Second, section 5 exempts

subdivisions *actually existing* on September 23, 1971 that did not require approval under the law in effect prior to September 23, 1971. By the first clause and that at issue here, section 5 exempts *proposed subdivisions* approved by the municipality prior to September 23, 1971 *in accordance with laws then in effect.* The Court acknowledges that the plaintiff's plan was not recorded nor was its subdivision in existence on September 23, 1971. I submit, moreover, that the plan was not, nor could it have been, approved in accordance with laws in effect prior to September 23, 1971. Although authorized to regulate subdivisions prior to 1971, the Town of Mechanic Falls chose not to do so. Thus, there was no requirement for a subdivision approval and no mechanism for obtaining from the municipality approval of the project *as a subdivision* prior to September 23, 1971. Whatever approval the plaintiff obtained from the town officials in 1971, it was not a subdivision approval. I would conclude that the plaintiff's project is not exempt and I would vacate the judgment of the Superior Court.