[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This civil action is an appeal to this Court under G.L. 1956 (1991 Reenactment) § 45-24-20 from a decision of the defendant Zoning Board of Review which granted the owner and prospective purchaser of a lot of land in the Town of Bristol permission to deviate from the applicable lot size, and front, rear and side yard requirements of the Town Zoning Ordinance. The original plaintiff appeared and was heard as a remonstrant at the hearing before the Board. He sought to join other neighbors who did not seek to be heard as remonstrants by the Board. The appeal had been fully briefed and is in order for decision.
The plaintiff's motion to add other parties as plaintiffs has been denied. No useful purpose would be served by delaying a decision so additional parties can be heard on this appeal. Section 45-24-20 contains a strict 20-day limitation period for appeal to this Court from a decision of a zoning board. Since the additional plaintiffs have not brought or joined in the appeal within the statutory period they were barred.
In this case the Board correctly decided as a matter of law that they were required to apply the standards set forth in Vitiv. Zoning Board of Review of the City of Providence, 92 R.I. 59,166 A.2d 211 (1960). The applicants sought relief from the regulatory limitations of the Ordinance not its use restrictions. The lot in question is only 2735 square feet. The applicants propose to erect a one story dwelling 20 feet by 36 feet. Because of the configuration of the lot the Board found it was impossible to lay such a structure out in compliance with set-back requirements of the ordinance.
Under what has come to be known as the Viti Doctrine a landowner is not required to show that he or she will be deprived of all beneficial use of the land in order to be entitled to relief. The landowner need demonstrate only "an adverse impact amounting to more than a mere inconvenience." DeStefano v.Zoning Board of Review of the City of Warwick, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979). Although the Board found that a strict application of the lot size and side, front and rear yard requirements would deprive the applicants of all beneficial use of the property, it also found that the resulting hardship would amount to more than a mere inconvenience. That conclusion is so obvious from the record that the plaintiff doesn't even try to dispute it.
The plaintiff argues that the applicants are seeking relief from a self-inflicted wound because they purchased or propose to purchase an obviously undersized irregular shaped lot. An exhibit in the record captioned "Town of Bristol, RI, OwnershipHistory from 1961 — 1991" would tend to indicate that this parcel existed in 1929, owned by one Mary Johnson, and was acquired by one of the applicants on July 24, 1989. The Board properly recognized it as a platted lot of record. The applicants did not "create" this lot by subdivision of a larger parcel. There was no evidence to lead the Board to believe that this lot was originally laid out as a buffer or as open land, nor does the record indicate in any way that this parcel was a leftover from the platting of a larger parcel. An applicant's knowledge of the zoning limitations which are imposed on the land by the zoning ordinance at the time of acquiring the land has been held to be immaterial to the applicant's entitlement to a deviation.Gardiner v. Zoning Board of Review of the City of Warwick,101 R.I. 681, 691, 226 A.2d 698, 704 (1967).
The plaintiffs' argument that they or others had offered to buy the applicant's land and, so, the applicants have not lost all beneficial use of their land is misplaced. The basis for relief is not that the land is of no value to the applicants, but that the land is of no use to the applicants. See KentCounty Land Company v. Zoning Board of Review of the City ofWarwick, 100 R.I. 418, 421, 216 A.2d 511, 513 (1966). Presumably, nothing but price now, and perhaps not even that, prevents any neighbors from buying this land if they still want to keep it unimproved.
This Court is conscious of and sympathetic to the plaintiff's argument that at some size or configuration some pieces of land simply are too small to be occupied as living space. If such lots of record exist in the municipalities of our state, the problems they present may or may not be addressed by zoning ordinances. There was, however, nothing before the Board to bring it to believe it was confronted in this case by such a drastically undersized or irregularly configured lot.
Since there are no grounds whatever to reverse or set aside the Board's decision, it will be affirmed and the plaintiff's appeal will be denied and dismissed. The defendants will present a form of judgment to be entered on notice to the plaintiffs.