STATE OF MAINE
KENNEBEC, ss

[R~ ~ ~ & FIL~ ~]
Nancy A. Desjardin

FFB 1 4 2000

Clerk of Courts
Kennebec County

SUPERIOR COURT
Civil Action
Docket No. CV-98-253
NM-KEN-2/14/2000

C. H. SPURLING,

Plaintiff

v.

THE CITY OF GARDINER,

Defendant

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

The plaintiff seeks a summary judgment on count I of his complaint, in which he requests a declaratory judgment that two ordinances of the City of Gardiner are impermissibly vague and violate the first and fourteenth amendments. For the following reasons, the motion is denied.

The complete administrative history of this case is not clear[1]. The allegations in the plaintiff's complaint and statement of material facts outline some the plaintiff's dealings with the City's Code Enforcement Officer (CEO) and Historic Preservation Commission (HPC). Apparently, one of the plaintiff's requests for a Certificate of Appropriateness was approved by the HPC and one request was tabled. See Pl.'s Mem. at 6-7; Pl.s' Complaint, ¶¶ 3-9; Pl.s' SMF, ¶¶ 3-4, 6-7. The plaintiff did not appeal the actions of the CEO or the HPC to the City's Zoning Board of Appeals. See Pl.s' SMF, Ex. D; see also Decision and Order, 1/26/99. The courts are generally unwilling "to interrupt the administrative process until that process is complete." See Annable v. Board of Envtl. Protection, 507 A.2d 592, 595 (Me. 1986). This matter

---

[1]The defendant argues that the plaintiff has not exhausted his administrative remedies but no facts supporting that argument appear in the statement of disputed facts. See Def.'s Mem. at 6-7.

involves disputed facts as well as the construction of the challenged ordinances. <u>See</u> <u>Churchill v. S.A.D. # 49 Teachers Ass'n</u>, 380 A.2d 186, 190 (Me. 1977); 14 M.R.S.A. § 5954 (1980); <u>compare</u> Pl.'s SMF, ¶ 14 <u>with</u> Def.'s SDMF, ¶ 3.

The defendant has raised an issue of material fact regarding the validity of the challenged ordinances. <u>See, e.g.,</u> Def.'s SDMF 1-4; <u>Brophy v. Town of Castine</u>, 534 A.2d 663, 664 (Me. 1987); <u>Danish Health Club, Inc. v. Town of Kittery</u>, 562 A.2d 663, 666 (Me. 1989).

The entry is

The Plaintiff's Motion for Summary Judgment is DENIED.

Date: February 10, 2000

_____
Nancy Mills
Justice, Superior Court

2

Date Filed __9/30/98__ __Kennebec__ Docket No. __CV98-253__
County

Action __Declaratory Judgment__

BARRACHT
LIBRARY

FEB 17 2000

C.H. Spurling                                    vs.          City of Gardiner

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| C.H. Spurling, Esq. Pro Se<br>Two Church Street<br>Gardiner, Maine 04345 | John Bobrowiecki, Jr., Esq.<br>251 Water St., PO Box 120<br>Gardiner, Maine 04345 |

| Date of Entry | |
|---|---|
| 10/5/98 | Complaint, filed. s/Spurling, Esq. (filed 9/30/98)<br>Pretrial Scheduling Statement and Jury Demand mailed to atty.<br>Motion for Preliminary Injunction, filed. s/Spurling, Esq.<br>Proposed Preliminary Injunction, filed. |
| 10/8/98 | Notice of acknowledgement of receipt of complaint and summons filed.<br>s/Spurling,Esq. |
| 10/16/98 | Plaintiff's Exhibits A-O in Support of Motion for Preliminary Injunction,<br>filed. |
| | Notice of setting for _10/26/98_<br><br>sent to attorneys of record |
| 10/26/98 | Answer to Complaint, filed. s/Bobrowiecki, Esq.<br>Certificate of Service, filed. |
| 10/26/98 | Hearing had on motion for preliminary injunction, Hon. Donald Marden<br>Presiding. (tape #451)<br>C.H. Spurling, Esq. present for Pltf. (himself) and John Bobrowiecki, Esq.<br>present for City of Gardiner.<br><br>Court takes matter under advisement and to issue order. |
| 11/3/98 | Pretrial Scheduling Statement, filed. s/Spurling, Esq. |
| 1/13/99 | Letter regarding case being under advisement filed. s/Spurling,Esq. |
| 1/26/99 | DECISION AND ORDER, Marden, J.<br>IT IS ORDERED that the defendant, City of Gardiner, may not interfere with,<br>obstruct or request any sanction against Plaintiff for identifying his<br>place of business with no more than three signs; this Order will remain in<br>effect only until final action by the Gardiner Historis Preservation<br>Commission and the completion of appeal from a decision of the Code Enforce-<br>ment Officer or the Historis Preservation Commission to the Board of Appeals<br>in accordance with section 3204.h2.c. of the city ordinance, if any; |