STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-019

PAF  YOK  10/ɔ/ɔɔɔɔ

BRUCE R. STILLINGS,
SUZANNE L. STILLINGS,

    Plaintiffs

v.

THE TOWN OF NORTH BERWICK
and TOWN OF NORTH BERWICK
ZONING BOARD OF APPEALS,

    Defendants

**ORDER AND DECISION**

DONALD L. GARBRECHT
LAW LIBRARY

OCT 16 2003

    This appeal from a denial by the North Berwick Zoning Board of Appeals of a request for a setback variance has a more lengthy history than is typical. A brief review follows.

    In February 1978 a long narrow lot was created on Roberts Road in what is now the Farm and Forest District. In March of 1978 the town's current zoning ordinance was enacted which required setbacks of 75 feet on each side of the lot. The following year the plaintiffs purchased the lot which remains undeveloped. It was initially thought that the lot was 129 feet wide at its widest point which would not, absent a variance, allow a building to be constructed.

    In May of 2001 the plaintiffs were granted a setback variance for a single family dwelling as is permitted pursuant to 30-A M.R.S.A. §4353(4-B) and Section 6.8.2(c)(3) of the North Berwick Zoning Ordinance. That variance is restricted such that ". . . it may not exceed twenty (20%) of a setback requirement." Thus the 75 feet requirement was

reduced by 20%, or 15 feet, to 60 feet leaving 9 feet to build upon. That width is too narrow to allow the construction of any reasonable building.

The plaintiffs then sought and were denied a variance to reduce the side setback to 40 feet on each side. An appeal from the denial of that variance was taken to this Court and decided in an order and decision of September 9, 2002 in case AP-02-028. In that appeal I found that all of the requirements for a variance were met except the requirement that "the land in question can not yield a reasonable return unless a variance is granted." See 30-A M.R.S.A. §4353(4)(A). That requirement had not been met as the record evidence did not establish that certain non-residential uses could not allow the land to yield a reasonable return without a variance that was greater than that permitted under the single-family dwelling limited variance provision.

After the Court decided AP-02-028 the land was apparently surveyed and found to be 138 feet wide at the widest point. This would allow a single family residence 18 feet wide and of essentially unlimited length to be built as the 75 feet setbacks had been reduced to 60 feet per side or 120 feet in total.

In January of 2003 the plaintiffs reapplied for a variance from 60 feet to 50 feet per side and presented evidence that the remaining potential non-residential uses were impractical and would not be sufficient to permit a reasonable return on the land. The plaintiffs' excessive request, which would have allowed a house of 38 feet in width, was denied in an undisciplined fashion by a majority of the Board on January 27, 2003. The Board improperly revisited the issues of the unique circumstances of the property and the essential character of the locality and denied a variance on those grounds as well. Those issues were determined in the plaintiffs' favor in the decision of the Superior Court on the first appeal. The Board was bound by the Superior Court decision. In the future the Board must follow Court orders.

Following the January 27, 2003 denial the current appeal followed. It contained in Count I a request for review under Rule 80B, M.R.Civ.P.. That count has been briefed and argued. Counts II and III are state and federal taking claims which have been severed and await future resolution.

While the Board improperly denied the variance on three of the four criteria the Town, through its counsel, has agreed that the Board could not deny the variance on the unique circumstances or essential character factors. Issues surrounding non-residential use or the donation of the land for an income tax charitable deduction have not been convincingly pursued. The only remaining issue is whether a single-family house built on site, which is no wider than 18 feet in width, allows for a reasonable return such that, solely on that basis, the variance was properly denied.

It is true that an 18 feet wide house is narrow and probably narrower than most non-manufactured housing. In *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1072-3 (Me. 1986) the Law Court found that a 5 feet by 19 feet house was too small to yield a reasonable return and ordered that a variance be granted. In *Driscoll v. Gheewalla*, 441 A.2d 1023, 1029 (Me. 1982) a variance was granted when a house would be limited to 17 feet by 20 feet. Here a house of 18 feet width by any reasonable length is permitted.

I find that, while it is a close question and one that is not free from doubt, the board did not err when it concluded that a house 18 feet wide and of unlimited length could yield a reasonable return without an additional variance. If the parties wish to end this case in a reasonable, just and lawful manner without further appeal to the Law Court or further proceedings on the remaining counts they may wish to consider having the plaintiffs reapply for a more modest variance permitting a 24 feet wide house, rather than a 38 feet wide house, and the board approve that request.

3

The entry is:

Decision of the North Berwick Zoning Board of Appeals of January 27, 2003 denying the requested variance is affirmed solely on the ground that the land in question can yield a reasonable return with an 18 feet wide home. Judgment for the defendants on Count I of the complaint.

The parties shall inform the clerk within 90 days of how they wish to proceed on the remaining counts and may suggest a proposed discovery deadline.


Dated:      October 10, 2003

Paul A. Fritzsche
Justice, Superior Court


PLAINTIFF:
Paul W. Cadigan, Esq.
57 Portland Rd., Suite 4
Kennebunk, ME   04043


DEFENDANT:
William L. Plouffe, Esq.
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME   04104-5081