STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-61
SKS - KEN - 3/10/2004

DANIEL BERNIER,

       Plaintiff/Appellant

v.

TOWN OF LITCHFIELD,

       Defendant/Appellee

**DECISION ON APPEAL**

DONALD L. G...
LAW ...

APR 27 2004

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80B from a denial by the town of Litchfield Zoning Board of Appeals (ZBA) of plaintiff's request for a variance. Although the court finds a potential error of law in the ZBA's handling of one of the elements necessary for a variance, the court finds no similar error by the board or other mistake, which would require reversing the ZBA decision.

### Factual Background

On September 23, 2002, Daniel Bernier purchased two lots in the "Peace Pipe Lake Shores" subdivision. Due to setback requirements in the relevant shoreland zoning ordinance, Bernier was required to build any "new principal and accessory structure . . . at least one hundred (100) feet from the normal high water mark line." Litchfield, Maine, Shoreland Zoning Ordinance § 15(B)(1) (adopted December 1997, amended June 12, 1999 and June 15, 2002). In addition, covenant restrictions in the deed from the previous owners require that no building or structure could be erected within 25 feet of any front line and that no Quonset huts, trailers or temporary buildings could be placed on the premises. Between the 100-foot setback from Cobbosseecontee Lake

and the 25-foot setback from the town's road right-of-way lies a strip approximately 11 feet by 100 feet available for construction.

On June 16, 2003, the Berniers submitted Shoreland Zoning Permit Application to build a 30' X 40', two-story Colonial frame house with adjoining garage. This application was denied by the Code Enforcement Officer on August 25, 2003. However, even prior to the June application, the Berniers had filed a Variance Application Form on March 6, 2003, seeking a variance from the 100-foot setback set forth in the shoreland zoning ordnance.[1] On September 15, 2003, the ZBA met, took testimony, considered the plaintiff's argument and voted to deny the variance application due to the plaintiff's failure to satisfy the test set forth in the ordinance. The present appeal followed.

## Standard of Review

Although the Litchfield ZBA is a board of appeals, looking elsewhere in the town ordinances and considering the nature of the hearing conducted, it is clear that the Board conducted a *de novo* hearing. Therefore, the court will independently examine the record before the ZBA and review the Board's decisions for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168, 1171. The substantial evidence standard requires the court to examine the entire record "to determine

---

[1] The apparent discrepancy in dates and procedural steps is likely because there was an even earlier shoreland zoning application, which had been denied. Although not mentioned by either of the parties, the partial transcript of the subsequent September 15, 2003, hearing on the variance application makes it clear that there was a previous application. For example, page 5, line 91, appears "(Board member) Has the size of the proposed structure changed since the first application? . . . It hasn't changed. It is basically still the same. The square footage is the same. He has changed the size of the house. He is still trying to work within the 1,500 square feet that is allowed – 75 feet back." There is also reference to the "other meeting" at page 9, line 176, and reference by the board member to "review minutes of the last meeting" at page 13, line 261. Finally, there are the minutes of the ZBA meeting of September 15, 2003, which begin "Board members opened the meeting; Richard Warren voted not to hear this matter again as it was voted on February 18, 2003." In other words, this was not Bernier's first trip to the ZBA and not the first time that members of the Board had reviewed his building proposal.

whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden,* 582 A.2d 973, 975 (Me. 1990). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk,* 662 A.2d 914, 916 (Me. 1995).

## Discussion

The operant provisions of the shoreland zoning ordinance of the town of Litchfield (section 16, (H)(2)) directs the ZBA that it shall not grant a variance unless it finds that "the strict application of the terms of this Ordinance would result in undue hardship." It continues,

> The term "undue hardship" shall mean:
>
> (i)     That the land in question cannot yield a reasonable return unless a variance is granted;
> (ii)    That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
> (iii)   That the granting of a variance will not alter the essential character of the locality; and
> (iv)    That the hardship is not the result of action taken by the applicant or a prior owner.

The burden is on the applicant to affirmatively prove each of the four elements or prongs of the test of "undue hardship." According to the minutes of the September 15, 2003 hearing, the vote of the ZBA on the criteria indicated a finding that the petitioner had satisfied the third criteria – altering the essential character of the local --, but had not satisfied numbers 1, 2 or 4. These three criteria will be considered separately below for purposes of the appeal.

## I.     "Reasonable Return."

In its Notice of Variance Decision, the ZBA noted as to the first prong, "The land in question can yield a reasonable return. He is not entitled to maximum return on his investment just a reasonable return."

An initial question is the meaning of the term "reasonable return" within the context of this case.

The zoning of the property in question, the deed restrictions and the nature of the surrounding neighborhood, all indicate that the only development permitted for the property would be a single-family residence of some type. The Law Court has upheld the issuance of a variance in a case where setback requirements left the property owners limited to building a home 17 feet by 20 feet. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1029 (Me. 1982) and 5 feet by 19 feet (*Marchi v. Town of Scarborough*, 511 A.2d 1071, 1073 (Me. 1986). The theory behind these and similar cases is that denying a variance rendering small lots unbuildable results in the practical loss of a substantial beneficial use of the land.

Given the factual circumstances, the first sentence of the ZBA's conclusion in this regard – "the land in question can yield a reasonable return" – seems unreasonable and contrary to the case law, unless the ZBA found some beneficial use other than that found in the record. However, the second sentence -- noting that reasonable return does not mean maximum return -- suggests that the ZBA may have been focusing on the specific variance requested rather than whether any variance should be granted.[2]

---

[2] The distinction is this. The Board had already denied one application by Bernier and the first inquiry by a member of the Board during the hearing is whether the size of the proposed structure had been changed (See fn 1). One inference which could be drawn from this question is that the Board might have considered a scaled-back project more consistent with what is essentially a camp lot, and which would require a smaller variance more consistent with the shoreland zoning goals. The several comments by other town landowners during the hearing concerning the efforts that they had to make to build within the limitation of their lots goes to the same point. Although there are many cases concerning the four

This finding is consistent with the law.

> In order for her land to 'yield a reasonable return,' appellant need not be accorded every conceivable opportunity to maximize her return, or potential return, in derogation of a duly enacted and legitimate zoning ordinance.

*Barnard v. Zoning Board of Appeals of the Town of Yarmouth*, 313 A.2d 741, 749 (Me. 1974). However, this does not help in determining the Board's intent. The notice entry remains unclear as to whether the board meant that the plaintiff had a reasonable return of some sort without any variance, or whether the specific variance being sought was too large, i.e. tending to maximize the return at the expense of the goals of the ordinance. Ordinarily such potential for confusion would lead the court to remand the matter to the Board for further findings and clarification. However, since the court finds that the Board's second conclusion is clearly supported and correct as a matter of law, the ultimate decision will be upheld and a remand will not be necessary.

## II. Unique Circumstances Versus General Conditions.

The Board's conclusion as to this prong reads:

> The need for the variance is not due to unique circumstances. There are several lots that have the same or similar dimensions. It is not unique because it has the same setback problems as several other lots.

In attempting to attack this conclusion, the plaintiff has reviewed the 271 shore front lots on Lake Cobbosseecontee in Litchfield and found that 52 lack sufficient depth to be buildable under the shoreland ordinance. In other words, 20% or one-fifth of the lots are in similar circumstances. This situation hardly makes any one of the lots "unique." Most of these other lots have structures on them presumably due to grandfathering, but this has no effect on the plaintiff's argument because all lots are subject to the same regulation for any future development.

---

criteria typically required to satisfy "undue hardship," the court has found no precedent that would require a board of appeals to accept the specific variance requested without modification or condition.

In addition to the plaintiff's own statistical analysis, which actually refutes his point, the Board also had before it testimony by other property owners in the town concerning lots with similar problems and the efforts taken to avoid those problems. Plaintiff's lot appears to be located in an area of many substandard, grandfathered lots and those lots, like all lots on the lake, are subject to the ordinance restrictions for purposes of any further development. In summary, on the basis of the testimony and exhibits, the Board could fairly and reasonably find the facts as it did, and committed no error of law or abuse of discretion. Since the applicant for a variance must prove all four of the conditions, which make up "undue hardship," the Board's denial must be sustained.

## IV. Applicant's Own Action.

The fourth prong which must be proved under the ordinance is that the hardship was not the result of an action taken by the applicant or prior owner. On this point, the Board split 2-1 that the point had not been demonstrated by the applicant, and the notice of decision states, "The applicant was aware that a variance was needed at the time of purchase." At one time, if someone knew of restrictions by a zoning ordinance on a piece of property prior to purchasing the piece, the owner would be barred from securing a variance. However, "the modern rule provides that a purchase with knowledge does not preclude the granting of a variance and, at most, is considered a nondeterminative factor in consideration of a variance." *Twigg*, 662 A.2d at 916. Therefore, to the extent that the Board may have been applying the previous rule with regard to knowledge of restrictions, that application would have been an error of law. However, since the Board appears to have committed no error with regard to its determination on prong number 2, an error as to prong number 4 would not change the ultimate outcome.

For the reasons stated above, the entry will be:

Appeal DENIED and determination of the Board of Zoning Appeals is AFFIRMED.

Dated: March 10, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __10/17/03__ __Kennebec__ Docket No. __AP03-61__
                              County

Action __Petition for Review__
              80B

# J. STUDSTRUP

__Daniel Bernier__                          vs.    __Town of Litchfield__

Plaintiff's Attorney                               Defendant's Attorney

Michael L. Dubois, Esq.                            Mary Denison Esq
558 main Street                                    Clifford Goodall Esq
Lewiston, Maine  04240                             61 Winthrop St
                                                   Augusta Maine  04330

| Date of Entry | |
|---|---|
| 10/17/03 | Complaint, filed. s/Dubois, Esq.<br>Original summons with return service made upon Town of Litchfield on 10/9/03, filed. |
| 10/20/03 | Notice of briefing schedule mailed to atty. |
| 10/22/03 | Entry of Appearance, filed.<br>(Copy of briefing schedule mailed to Atty Denison) |
| 11/19/03 | Motion for Enlargement of Time to File Petitioner's Brief, filed. s/Duboi Esq.<br>Proposed Order, filed. |
| 11/20/03 | ORDER ON PETITIONER'S MOTION FOR ENLARGEMENT OF TIME TO FILE BRIEFS, Studstrup, J.<br>Time enlarged to December 17, 2003.<br>Copies mailed to attys of record. |
| 12/19/03 | Brief of Defendant/Appellant, filed.  s/M. Dubois, Esq.  (filed 12/17/03)<br>Record on Appeal, filed.  s/M. Dubois, Esq. (filed 12/17/03) |
| 1/12/04 | Brief of Defendant Town of Litchfield, filed.  s/M. Denison, Esq.<br><br>Notice of setting for __2/10/04__<br><br>sent to attorneys of record |
| 2/10/04 | Oral Arguments held, Hon. Kirk Studstrup, Presiding. (no courtroom clerk)<br>Case taken **under advisement**. |
| 3/11/04 | DECISION ON APPEAL, Studstrup, J. (dated 3/10/04)<br>Appeal DENIED and determination of the Board of Zoning Appeals is AFFIRME<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss.<br>NOTICE OF REMOVAL OF RECORD MAILED. |