**Frederick W. LEADBETTER, et al.**

v.

**Robert FERRIS and City of Waterville.**

Supreme Judicial Court of Maine.

Argued Nov. 8, 1984.

Decided Dec. 10, 1984.

Silsby & Silsby, Raymond L. Williams (orally), Ellsworth, for plaintiff.

Davidu, Jabar & Batten, George M. Jabar, II (orally), John P. Jabar, Waterville, for Robert Ferris.

William A. Lee, City Sol. (orally), Waterville, for City of Waterville.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs, Frederick W. Leadbetter, Carl E. Albert, and Albert's College Inn Motel, Inc., appeal from the Superior Court's (Kennebec County) decision affirming the City of Waterville Board of Zoning Appeals' (the "Board") decision granting defendant Robert Ferris' application for a variance to add a loading dock canopy to a building he owns in Waterville. Plaintiffs name the City of Waterville as an additional defendant in this action.

Plaintiffs assert on appeal, *inter alia*, that Mr. Ferris did not present sufficient evidence to support the granting of his variance request under 30 M.R.S.A. § 4963 (1978 and Supp.1984–1985). We agree with plaintiffs that Mr. Ferris failed to meet his burden of proving that he would suffer "undue hardship" if the variance was not issued and we sustain the appeal.

I.

Mr. Ferris owns a building and lot in Waterville which he rents to Nissen Baking Company ("Nissen"). Nissen used the building as a retail sales outlet but desired to expand the building to permit both retail and wholesale operations. The lot is located in an area zoned for commercial activity, and the required side yard building setback is 50 feet from the property line. Mr. Ferris applied for a building permit to add an extension to his building which would reduce the existing side yard setback on the east side of the building from about 27 feet to about 9 feet. The proposed addition is described as "a closed in area with two overhead doors that trucks could back up to to load and unload."

The proposed addition would enable Nissen to expand from a strictly retail business to a retail and wholesale business. The retail business involved one tractor trailer bringing materials to the store five nights a week at around 3:00 a.m. If wholesale operations began, possibly one more tractor trailer would make deliveries to the store, and three or four route trucks would make deliveries from the store.

On August 18, 1982, the Board granted Mr. Ferris' request for a building permit. The Board's decision was appealed to the Superior Court, where, presumably because of a procedural deficiency, the case was remanded to the Board for a hearing. On February 9, 1983, the Board heard Mr. Ferris' request for a variance from the side yard setback requirements. The Board voted to approve Mr. Ferris' variance application with the conditions that the proposed addition be in keeping with the decor of the existing building, that evergreen shrubs be planted along the length of the building to screen noise, and that bumper pads be attached to the truck loading dock to further reduce noise.

Before hearing the merits of plaintiffs' appeal from the Board's variance approval, the Superior Court remanded the case for written findings of fact. After hearing,

the Superior Court ruled that the record fully supported the Board's decision to grant a variance. We disagree with that conclusion.

## II.

Before discussing the merits of the appeal, we must determine whether plaintiffs have standing to appeal. An appeal may be taken "by any party to Superior Court from any order, relief or denial ...." 30 M.R.S.A. § 2411(3)(F) (1978). In *Harrington v. Inhabitants of the Town of Kennebunk,* 459 A.2d 557, 559 (Me.1983), the Court said that: "Party status involves a twofold showing: (1) the appellant must have been a party before the Board and (2) the appellant must demonstrate that he will suffer a particularized injury as a result of the Board's action." (citations omitted).

■ In the present case, plaintiffs were parties before the Board because they appeared at the Board hearing and objected to Mr. Ferris' variance request. Plaintiffs' allegation of particularized injury was that they owned land abutting Mr. Ferris' lot, and that the proposed use of the loading dock could disturb the guests in the motel on plaintiffs' land. Plaintiffs' allegation is sufficient to show a potential for particularized injury which in conjunction with plaintiffs' appearance before the Board gives them standing. *See Pride's Corner Concerned Citizens Association v. Westbrook Board of Zoning Appeals,* 398 A.2d 415, 417–418 (Me.1979).

## III.

■ When, as in this case, the Superior Court acts as an intermediate appellate court reviewing the action of the Board, the Law Court will directly examine the record as it was developed before the Board. *See Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982); *see also Nancy W. Bayley, Inc. v. Maine Employment Security Comm'n,* 472 A.2d 1374, 1377 (Me.1984); *Keith v. Saco River Corridor Comm'n,* 464 A.2d 150, 153 (Me.1983).

The Law Court is not free to substitute its judgment for the Board's, but "is limited to determining whether from the evidence of record facts could reasonably have been found by the zoning body to justify its decision." (citations omitted). *See Driscoll,* 441 A.2d at 1026.

■ The Board found that a denial of the requested variance would subject Mr. Ferris and his property to "undue hardship." 30 M.R.S.A. § 4963(3) sets forth the standard for finding "undue hardship":

> **3. Variance.** A variance may be granted by the board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:
>
> **A.** That the land in question cannot yield a reasonable return unless a variance is granted.
>
> **B.** That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
>
> **C.** That the granting of a variance will not alter the essential character of the locality; and
>
> **D.** That the hardship is not the result of action taken by the applicant or a prior owner.

The burden is on the variance applicant before the Board, to prove that all statutory requirements for a variance have been met. *See Sibley v. Inhabitants of the Town of Wells,* 462 A.2d 27, 30 (Me.1983); *Driscoll,* 441 A.2d at 1029.

■ Plaintiffs contend that there is insufficient evidence to support Mr. Ferris' claim that absent variance approval the land cannot yield a reasonable return. *See* 30 M.R.S.A. § 4963(3)(A). It is clear that reasonable return does not mean maximum return. *See Barnard v. Zoning Board of Appeals for the Town of Yarmouth,* 313 A.2d 741, 749 (Me.1974). Rather, the issue

is whether strict compliance with the terms of the Ordinance would result in the practical loss of substantial beneficial use of the land. *Driscoll*, 441 A.2d at 1029.

■ The only evidence arguably supporting the Board's action on the issue of reasonable return was a letter from a real estate appraiser. The letter recounted the demise of three fast food outlets which had occupied the lot from 1969–1981. In the appraiser's opinion, Nissen although presently "on the road to success" as a retail outlet is "hindered by the same deterrence [sic] which caused previous operators to fail." The letter concluded that a wholesale operation appeared to be "a sensible solution."

Although the appraiser attributed the business failures of the three fast food restaurants to the small building and lot size, he did not state that Nissen's retail operations would cease if a variance were denied, nor did he state that a reasonable return could not be realized from the lot if a variance were denied. Indeed, the evidence is that the Nissen store had been successful as a retail operation, and that Nissen would continue to operate solely as a retail outlet at least for the remaining portion of the lease even if the variance were denied.

The record does not rationally permit the conclusion that the denial of the variance would result in the practical loss of substantial beneficial use of the land. Because we hold that the reasonable return prong of section 4963(3)(A) has not been met, we vacate the Board's variance approval, and we find it unnecessary to address plaintiff's remaining arguments on appeal.

The entry is:

Judgment affirming variance approval is reversed.

All concurring.