**YOUR HOME, INC.**

v.

**TOWN OF WINDHAM.**

Supreme Judicial Court of Maine.

Argued June 12, 1987.

Decided July 30, 1987.

---

William H. Dale (orally), Patricia M. Mc-Donough, Jensen, Baird, Gardner & Henry, Kennebunk, for defendant.

Before McKUSICK, C.J., and
NICHOLS, GLASSMAN, SCOLNIK and
CLIFFORD, JJ.

CLIFFORD, Justice.

Your Home, Inc., appeals from a judgment entered by the Superior Court, Cumberland County, affirming a decision rendered by the Windham Planning Board (Board) denying Your Home a variance from the Town's subdivision ordinance. Your Home raises essentially three issues on appeal: 1) that the Board denied Your Home a variance for reasons not set forth in the subdivision ordinance, thereby exceeding its powers; 2) that the Board applied an erroneous legal standard or "test" to determine whether the variance should be granted; and 3) that one section of the subdivision ordinance delegates standardless discretion to the Board, thereby rendering its denial of the variance unlawful. We affirm the judgment.

## I.

Your Home purchased the "Ward Hill" parcel on Chute Road in Windham on August 9, 1985. After filing a subdivision application in September, 1985, in February, 1986, Your Home submitted to the Board a preliminary plan for the subdivision of the parcel into a mobile home park. The parcel has an area of 12.84 acres and 248.77 feet of frontage on the Chute Road. The parcel is located in the farm district under the terms of Windham's land use ordinance. The subdivision plan called for the creation of fourteen new lots to be leased to mobile home owners. An existing lot within the parcel was also to be leased for mobile home use. An additional five acre lot was to be created for a leach and drainage field. The mobile home park was to be served by a single 600 foot street connecting the mobile home park to the Chute Road. Windham's land use ordi-

Robert E. Mittel (orally), Mittel & Hefferan, Portland, for plaintiff.

nance permits mobile home parks in the farm district as a special exception.

Because of the size of the parcel Your Home proposed to subdivide (more than 7 acres), the number of lots usable for mobile homes proposed (15), and the parcel's limited street frontage (less than 400 feet), Your Home applied for a variance from certain design standards in the subdivision ordinance. The two subsections relevant on appeal are set forth below:

2.5 Subdivisions containing fifteen (15) lots or more or having an area in excess of seven (7) acres shall have at least two (2) street connections with existing public streets or streets on an approved Subdivision Plan for which a bond has been filed.

2.6 Entrances onto existing or proposed collector streets shall not exceed a frequency of one per four hundred (400) feet of street frontage. Entrances onto existing or proposed arterial streets shall not exceed a frequency of one per one thousand (1000) feet of street frontage.

Windham, Me., Subdivision Ordinance art. IX, § 3(2)(2.5)(2.6). Because the subdivision contains fifteen usable lots and covers 12.84 acres, two street connections are required. Your Home's proposal contained only one street connection. Discussion at the Board hearing focused primarily on the two-street requirement set forth in section 2.5. The variance sought from section 2.6 would have permitted one street connection to serve less than 400 feet of street frontage.

A hearing was held on March 10, 1986, before the Board to consider Your Home's preliminary application. The Board denied Your Home the requested variance. Your Home petitioned the Superior Court for direct judicial review pursuant to M.R. Civ.P. 80B and after a non-testimonial hearing the court affirmed the Board's decision.[1]

## II.

When reviewing a decision of the Superior Court acting as an intermediate appellate tribunal we review directly the record and findings made by the adjudicatory body. *See Marchi v. Town of Scarborough,* 511 A.2d 1071, 1072 (Me.1986) (direct review of zoning board of appeals decision). The question on appeal is whether the decision of the Board "is based upon an erroneous interpretation of the law or based upon conclusions of fact which have no substantial evidence in support thereof considering the record as a whole." *Bruk v. Town of Georgetown,* 436 A.2d 894, 897 (Me.1981).

Your Home initially argues that the Board denied it a variance for reasons not set forth in the subdivision ordinance. Your Home objects specifically to three actions taken by the Board.

First, Your Home alleges that the Board denied the variance request because Your Home failed to purchase additional street frontage, thereby obviating the need for a variance. According to Your Home, the Board treated Your Home's failure to purchase additional land as a self-imposed hardship. Second, Your Home contends that the Board denied the variance because it does not want mobile homes in rural Windham. Because mobile home parks are a conditionally permitted land use in the farm district, Your Home argues that the Board exceeded its powers by adopting a *de facto* anti-mobile home park policy. Finally, Your Home maintains that the Board impermissibly adopted an informal rule against granting waivers of the two street requirement found in design standard 2.5. Your Home points to certain statements made by the chairman of the Board indicating that the Board had never granted such waivers in the past.

We need not decide, however, whether these actions were legally erroneous. The Board found, in effect, that the problem facing Your Home does not amount to an

[1]. The Town of Windham has no Board of Appeals for reviewing Planning Board subdivision decisions. *See generally* Town of Windham Subdivision Ordinance. Title 30 M.R.S.A. § 4956(2) (1978) provides that requests for subdivision approval be reviewed by "the municipal planning board, agency or office...." Direct judicial review of the Planning Board's decision by the Superior Court was therefore appropriate pursuant to Rule 80B. *See Bruk v. Town of Georgetown,* 436 A.2d 894, 896 n. 3 (Me.1981).

"unnecessary or extraordinary hardship." [2] The evidence does not compel a contrary finding. Rather, there is substantial evidence in the record to support the Board's finding that no such hardship existed, and that finding must be affirmed.

We have previously noted in the zoning variance context that "the issue is whether strict compliance with the terms of the Ordinance would result in the practical loss of substantial beneficial use of the land." *Leadbetter v. Ferris*, 485 A.2d 225, 227–28 (Me.1984). This principle is equally applicable in the case of a subdivision variance request. Your Home is not entitled to a maximum return on its investment in the property; rather, it is entitled to some reasonable use. *Id.* at 227. As the zoning ordinance makes clear, a multitude of reasonable uses are permitted on the "Ward Hill" parcel. *See* Windham Land Use Ordinance, § 404.2 (1976). The Board itself noted that the parcel could be used for two single-family dwellings.

Even if Your Home's economic problems rose to the level of the requisite hardship, however, they were self-imposed. We have previously held in the zoning variance context that "when a landowner purchases land with actual or constructive knowledge of the zoning restrictions, he may not be granted a variance on the grounds of undue hardship." *Sibley v. Inhabitants of the Town of Wells*, 462 A.2d 27, 31 (Me.1983). Your Home purchased the "Ward Hill" parcel in August 1985 and instigated the subdivision approval process approximately one month later. Your Home therefore had constructive, if not actual, knowledge of the design standard hurdle it would have to clear.

### III.

Your Home next argues for the first time on appeal that article XI, sections 1 and 2 of the subdivision ordinance,[3] by use of the terms "extraordinary and unnecessary hardships" (section 1) and "practical difficulties and unusual hardship" (section 2), have implicitly incorporated a use/area variance dichotomy that requires application of a different legal test for each type of variance. Your Home notes, accurately, that several states have adopted different tests for the two types of variances: extreme hardship when applied to use variances and practical difficulties when applied to area variances. *See, e.g.*, 6 P. Rohan, *Zoning and Land Use Controls* § 43.02 (1986). Because Your Home, in effect, requested an area variance, it claims that it need show only "practical difficulties," rather than extraordinary and unnecessary hardships. Your Home argues that because it demonstrated "practical difficulties" at the Board hearing, the Board's decision denying the variance should be reversed.

We decline to address this issue on its merits, however, because it was not raised at the Board hearing or before the Superior Court. It therefore has not been preserved for appellate review. *Cf. Poire v. Manchester*, 506 A.2d 1160, 1164 (Me.1986) (issues not raised before trial justice not considered on appeal).

### IV.

Your Home finally argues that article XI, sections 2.1–2.7 of the subdivision

---

**2.** Article XI, sections 1 and 2 of the subdivision ordinance set forth generally how the Planning Board is to go about deciding whether or not to grant a variance:

Section 1.
Where the Board finds that extraordinary and unnecessary hardships, not self-imposed, may result from strict compliance with standards, it may grant variances so that justice may be done and the public interest secured, provided that such variation will not have the effect of nullifying the intent and purpose of the Comprehensive Plan or the Standard.
Section 2.

In granting variances, the Board shall utilize the following criteria in determining whether or not there is sufficient evidence to establish that the practical difficulties and unusual hardships are caused by special conditions peculiar to the particular property and not common to other property in the general area and that such variances can be granted without detriment to the general area.
Thus, whether a hardship is extraordinary and unnecessary is a critical threshold issue to be resolved in a subdivision variance proceeding before the Windham Planning Board.

**3.** *See supra* note 2.

ordinance unlawfully delegate legislative authority to the Board. Your Home complains specifically about section 2.3:

2.3 Vehicular access, circulation and parking. Will the proposed subdivision generate unusual traffic conditions affecting the general area?

The possibility of excessive traffic generated by the mobile home park was clearly of concern to the Board. Your Home contends that to give concreteness to section 2.3, it should read: "The application for an area variance should be denied if the Board determines that the proposed subdivision will cause an increase in traffic flow which will interfere with the safety of citizens of Windham." Your Home relies on a line of *special exception* cases decided by this court to support its view that section 2.3 unlawfully grants the Board legislative powers. *See, e.g., Chandler v. Town of Pittsfield,* 496 A.2d 1058 (Me.1985).

However, the special exception cases cited by Your Home are limited in their application to special exception situations. Variances and special exceptions are fundamentally different: special exceptions are uses that are previously determined by municipal officers to be generally appropriate in the zone in which they are located; variances are uses which are generally inappropriate for the zone in which they are located. Because of these fundamental differences

we have distinguished between special exceptions and variances when reviewing the constitutionality of zoning ordinances. Compare *Cope v. Town of Brunswick,* 464 A.2d 223, 226–27 (Me.1983) (declaring unconstitutional special exception section of zoning ordinance permitting zoning board of appeals to exercise essentially legislative function) with *Barnard v. Zoning Board of Appeals of the Town of Yarmouth,* 313 A.2d 741, 748 (Me.1974) (upholding constitutionality of variance section of zoning ordinance on the ground that the "undue hardship" test served to limit sufficiently the zoning board of appeals' discretion). Thus, while we might view section 2.3 differently were it to determine whether to grant or deny a special exception, its use as a consideration in determining whether to grant or deny a variance is entirely appropriate.

The entry is:

Judgment affirmed.

All concurring.