**LISA'S PIZZA, INC.**

v.

**TOWN OF BRUNSWICK et al.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1988.
Decided Jan. 20, 1988.

Robert H. Furbish, John O'Neil (orally), Smith & Elliott, P.A., Saco, for plaintiff.

Martin L. Wilk (orally), Eaton, Peabody, Bradford & Veague, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

MEMORANDUM OF DECISION.

Lisa's Pizza, Inc. appeals the affirmance by the Superior Court (Cumberland County) of the denial by the Town of Brunswick's Zoning Board of Appeals of a variance for an oversized sign. The Board's conclusion that Lisa's Pizza had failed to carry its burden of proof was not based upon any misinterpretation of the law and was fully supported by the record. *See Your Home, Inc. v. Town of Windham,* 528 A.2d 468, 470 (Me.1987).

The entry is:

Judgment affirmed.

All concurring.

**STATE of Maine**

v.

**Glen WILLEY.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1988.
Decided Jan. 21, 1988.

Mary Tousignant, Dist. Atty., Anne H. Jordan (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Robert E. Mongue, Patterson, Carleton & Mongue, Kennebunk, Robert Brown (orally), Wells Professional Centre, Wells, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

MEMORANDUM OF DECISION.

On appeal from a judgment of the Superior Court (York County) entered on a jury verdict convicting him of attempted murder and aggravated assault in violation of 17–A M.R.S.A. §§ 152, 201, and 208 (1983), Glen Willey challenges the sufficiency of the evidence and contends that certain testimony received at trial so affected the integrity of the proceeding as to deprive him of his right to a fair trial. In the circumstances we find no error in the reception of that testimony, let alone the obvious error that would warrant reversal in the absence of any timely objection. *See State v. True,* 438 A.2d 460, 467 (Me.1981). On the basis of all the evidence viewed in the light most favorable to the prosecution, the jury rationally could find beyond a reasonable doubt every element of the offenses charged. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.