Joseph WALTMAN and Leslie Waltman

v.

**TOWN OF YARMOUTH** [1].

Supreme Judicial Court of Maine.

Submitted on Briefs May 1, 1991.

Decided June 13, 1991.

Kenneth Altshuler, Gail Flewelling, Portland, for plaintiff.

Catherine O'Connor, Paul Frinsko, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

COLLINS, Justice.

Joseph and Leslie Waltman appeal from the denial in the Superior Court (Cumberland County, *Cole, J.*) of their M.R.Civ.P. 80B appeal from the denial by the Yarmouth Zoning Board of Appeals ("Board") of their request for a variance from setback requirements that would allow them to build a house on an undersized lot on Littlejohn Island in Yarmouth. They challenge the Board's findings that their hardship was the result of their own actions, and that their need for a variance is based not on unique circumstances of their lot but on the general condition of the neighborhood.[2] We affirm.

The Waltmans' property is located in a turn-of-the-century subdivision on Littlejohn Island. All or nearly all of the lots in this subdivision, many of which are unde-

---

1. A municipal zoning board of appeals, being an independent adjudicative body, is not a proper party to an appeal from its own decision. *Inhabitants of Boothbay Harbor v. Russell*, 410 A.2d 554, 559–61 (Me.1980). *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.2 at 569–70 (2d ed. Supp.1981). Accordingly, we have deleted the Yarmouth Zoning Board of Appeals as a party to this appeal.

2. Additionally, the Waltmans contend on appeal that the Board's action constitutes a taking of their property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Because they did not make their claim before the Board, we decline to review it. *See Penobscot Area Housing Development Corp. v. City of Brewer*, 434 A.2d 14, 20 n. 7 (Me.1981).

veloped, are undersized for construction under the terms of Yarmouth's zoning ordinance, which was enacted in 1981. The Waltmans bought their lot in 1982.

In March 1990, the Waltmans filed a variance request with the Board for permission to construct a house on the lot. The proposed house measured 24' by 36' with two 8' by 24' porches; it required dimensional setback variances of 29 feet from the front setback requirement of 70 feet, 15 feet from the side setback requirement of 30 feet, and 63 feet from the rear setback requirement of 75 feet.

After holding a public hearing, the Board denied the variance request, on the basis that the Waltmans had failed to show that their need for a variance was due to unique circumstances of the lot and not to the general condition of the neighborhood, and that they had failed to show that their hardship was not the result of action taken by the applicant or a prior owner.[3]

The Waltmans filed a complaint in the Superior Court pursuant to M.R.Civ.P. 80B. Following a hearing, the court affirmed. The Waltmans now appeal.

On appeal from the Superior Court's decision in a Rule 80B appeal of a zoning board's action, we review directly the action of the zoning board. *Leadbetter v. Ferris*, 485 A.2d 225, 227 (Me.1984). Our review is limited to determining whether the Board's findings of fact were adequately supported by the record before it, and whether the Board erred in its application of the law. *Id. See also Your Home, Inc. v. Town of Windham*, 528 A.2d 468, 470 (Me.1987). Because the Waltmans bore the burden of proof before the Board, we cannot disturb the Board's findings of fact unless the Board was compelled to find in

the Waltmans' favor. *See Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me.1991).

The Waltmans contend on appeal that the Board improperly determined that their hardship is not unique but is one common to the general condition of the neighborhood. They concede that the lots in the Littlejohn Island subdivision are generally of substandard size, and hence share the difficulty from which they seek relief by means of a variance. That circumstance, in itself, is sufficient to support the Board's finding that the hardship is not unique to their lot; the Board properly concluded that, as the difficulty is one imposed by the zoning ordinance on the neighborhood generally, relief must come by way of legislative action—that is, amendment of the zoning ordinance by the town council—and not by variance. *See, e.g., Radin v. Crowley*, 516 A.2d 962, 964 (Me.1986) (area where majority of lots undersized); *Sibley v. Inhabitants of Wells*, 462 A.2d 27, 30 (Me.1983) (all undeveloped lots in neighborhood of substandard size); *Barnard v. Zoning Board of Appeals of Town of Yarmouth*, 313 A.2d 741, 747, 749 (Me.1974) (numerous nonconforming lots in neighborhood).

The Waltmans suggest their lot is "unique" because, unlike other lots in the neighborhood, it would be developable if only the Board would grant a variance. They contend that none of the other lots in the vicinity would qualify for variances to the State Plumbing Code for installation of wells or septic systems. We rejected a similar argument in *Barnard*. *See id.*, 313 A.2d at 746–47. Moreover, there is no evidence in the record that owners of the other undersized undeveloped lots in the area have ever sought approval for wells or septic systems, or that they could not ar-

---

**3.** The ordinance states, in pertinent part:

2. The board may grant variances when it finds. that literal or strict application of this Code to the applicant and his property would cause undue hardship, in all of the following ways, as provided under 30 M.R.S.A., Section 4963:

a. The lot in question cannot yield a reasonable return unless a variance is granted.

b. The need for a variance is due to the unique circumstances of the lot and not to the general conditions in the neighborhood.

c. The granting of the variance will not alter the essential character of the locality; and

d. The hardship is not the result of action taken by the applicant or a prior owner.

Town of Yarmouth Zoning Ordinance, Article VI, § 101.2(c). The enabling legislation referred to in the ordinance has been repealed and replaced by 30–A M.R.S.A. § 4353 (Pamph. 1990).

range for those services or obtain State Plumbing Code variances similar to those granted for the Waltmans' lot. The record adequately supported the Board's finding that the Waltmans' hardship was not due to unique circumstances of their lot, but was a hardship shared in common with the other lots in the neighborhood.

Because the Waltmans were entitled to a variance only if they established that they met all four of the criteria in the ordinance, we need not address their contention that the Board improperly found their hardship to be the result of their own actions. *See Perrin,* 591 A.2d at 864.

The entry is:

Judgment affirmed.

All concurring.