STATE OF MAINE
CUMBERLAND, ss.

Apr 12   2 oo PM '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-83

*Nm-Cum- 4/12/2000*

UNITY CHURCH OF GREATER
PORTLAND a/k/a UNITY CHURCH
OF TRUTH,

        Plaintiff

    vs.                                                      DECISION AND ORDER

BOARD OF ZONING APPEALS OF
THE TOWN OF FALMOUTH,
MAINE,

        Defendant

Before the court are the joint motion for determination of record and the plaintiff's Rule 80(b) appeal.

## MOTION FOR DETERMINATION OF RECORD

The plaintiff requests that four letters dated September 28, 1999 and the minutes of the Board of Zoning Appeals of September 28, 1999 be included in the record. The plaintiff requested that the Zoning Board of Appeals reconsider its decision on August 24, 1999 to deny the plaintiff's request for a variance. No member of the Zoning Board of Appeals moved to reconsider the decision. R. at 108. The plaintiff does not challenge the denial of its request for reconsideration. Accordingly, the documents the plaintiff seeks to include in the record are not relevant to a review of the decisions of the code enforcement officer and Zoning Board of Appeals.

## 80(b) APPEAL

### Ordinance §2.88

Plaintiff appeals the decisions of the Board of Zoning Appeals, in which the Board denied the plaintiff's appeal of the denial by the Code Enforcement Officer (CEO) of the plaintiff's request for a building permit and denied the plaintiff's request for a variance.

The plain meaning of section 2.88 of the Town of Falmouth Zoning and Site Plan Review Ordinance provides that the lot width shall be measured "at the required set-back depth," which, in this case, means that the measurement shall be made at a point 80' from the street front. See Zoning and Site Plan Review Ordinance, §2.88 & §3.7. Based on this interpretation, the CEO determined correctly that a building permit could not be issued using Route 1 as the front of the lot, as identified by the plaintiff. See Record (R) at 10. The requirements of the Ordinance also precluded building on the lot if Northbrook Drive were used as the front lot. R. at 13.

### 30-A M.R.S.A. §2691(3)(E)

The plaintiff argues that the defendant failed to satisfy the statutory requirements regarding findings of fact and conclusions of law. See 30-A M.R.S.A. § 2691(3)(E) (1996). No specific request for findings and conclusions was made. See R. at 71-73. The basis for the decisions of the CEO and the Board appear on the record. See R. at 10, 65-66, 67; Driscoll v. Gheewalla, 441 A.2d 1023, 1026-27 (Me. 1982).

2

## Evidence/Arbitrary and Capricious

The plaintiff argues that there was no competent evidence on which the Board could determine that the grant of a variance would alter the essential character of the locality or that the hardship was not a result of action by the applicant or prior owner. See Ordinance, §8.4(3) & (4). The plaintiff argues further that the decision to deny the variance was, therefore, arbitrary and capricious.

The site plans presented by the plaintiff to the Board show set backs from Northbrook Drive significantly less than 80 feet in contrast to other buildings on Northbrook Drive. R. at 30, 61-62; 65. Contiguous lots 10-A1 and 9B, a portion of lot 9, were conveyed to the plaintiff by the owner of lot 9. See R. at 36-37. The particular shape, size, and other circumstances of lot 9B render it unbuildable. See R. at 3. The plaintiff chose to request a building permit and a variance for lot 9B only. See R. at 7-9.

The plaintiff has failed to show that the record compelled the Board to grant the variance or that the Board acted in an arbitrary and capricious manner. See Twigg v. Town of Kennebunk, 662 A.2d 914, 916 (Me. 1995); Sibley v. Inhabitants of the Town of Wells, 462 A.2d 27, 31 (Me. 1983); Cushing v. Smith, 457 A.2d 816, 823-24 (Me. 1983).

The entry is

> The Record will not include the additional letters and minutes, as requested by the Plaintiff.

> The Plaintiff's Appeal is DENIED.

3

The Decision of the Board of Zoning Appeals of the Town of Falmouth is AFFIRMED.

Date: April 11, 2000

Nancy Mills
Justice, Superior Court

AP-99-83

4

Date Filed __10-07-99__   CUMBERLAND   Docket No. __AP 99-83__
                          County



Action __APPEAL - 80(B)__


UNITY CHURCH OF GREATER PORTLAND        BOARD OF ZONING APPEALS OF THE
aka UNITY CHURCH OF TRUTH               TOWN OF FALMOUTH

                                   /              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JONATHAN L. GOLDBERG ESQ 773-6300<br>ONE CITY CENTER, 12th FLOOR<br>PORTLAND ME 04101-4009 | William Plouffe, Esq. 772-3627<br>PO BOX 9781<br>Portland, Maine 04104-5081 |

DONALD L. GARBRECHT
LAW LIBRARY

MAY 24 2000

| Date of Entry | |
|---|---|
| **1999**<br>Oct. 08 | Received 10-07-99:<br>Complaint Summary Sheet filed.<br>Complaint with attachments filed.<br>Plaintiff's Motion to Specify the Course of the Proceedings, with Integrated Memorandum of Law filed. |
| " " | |
| " " | |
| Oct. 27 | Received 10-26-99.<br>Notice of appearance of William L. Plouffe, Esq. as counsel for defendant filed. |
| " " | Defendant's objection to plaintiff's motion to specify future course of proceedings with integrated memorandum of law filed. |
| Nov. 02 | Received 11.01.99:<br>Acknowledgment of Receipt of Summons and Complaint filed showing receipt of service on 10.25.99 by William Plouffe, Esq., on behalf of Appellee. |
| Nov. 5 | Received 11-4-99.<br>Letter from Jonathan Goldberg, Esq. withdrawing Plaintiff's motion to specify filed. |
| " " | On 11-5-99.<br>Briefing schedule mailed. Plaintiff's brief due 12-14-99. |
| Dec. 15 | Received 12/14/99:<br>Joint Motion for Determination of the Record filed. |
| " " " " | Plaintiff's Memorandum of Law in Support of Joint Motion for Determination of the Record filed. |
| " " " " | Affidavit of Jonathan L. Goldberg with exhibits A & B filed. |
| " " " " | Appellant's Brief filed. |
| " " " " | Certificate of Service filed. |
| " " " " | Disputed Record filed. |
| " " " " | Zoning and Site Plan Review Ordinance filed. |