STATE OF MAINE                                 SUPERIOR COURT
SOMERSET, ss.                                  CIVIL ACTION
                                               Docket No. AP-99-016
                                               *EAG-Som- 7/6/2000*

INHABITANTS OF THE TOWN OF
SMITHFIELD,
            Plaintiffs,

v.                                             ORDER

ROBERT CLOUD and
SHARON CLOUD.
            Defendants.


                    PROCEDURAL HISTORY

        In an application dated July 8, 1998, Robert Cloud requested a building permit

from the Town of Smithfield.  In the application, Mr. Cloud said that he wished to

build an additional deck and ramp on property owned by Wayne and Betty Barr.

The Town's Planning Board discussed Mr. Cloud's application at a meeting held

July 15, 1998.  Mr. Cloud was not present at that meeting, apparently due to some

health problems.  The Planning Board tabled the application because Mr. Cloud did

not own the property.[1]

        Sometime after July 15, 1998, some friends of Mr. Cloud constructed a deck

and ramp on the land. Neither the Clouds nor the Barrs had obtained a permit to

build the deck or the ramp.  The land in question is within 100 feet of a great pond,

---

[1]Although Mr. Cloud argued that he was never notified that the permit
request had been tabled, the Application itself states that: "Applicant or a
representative should be present during planning board meeting to answer any
questions pertaining to this application. If the applicant or a representative is not
present and the board is unable to make a clear determination, the application may
be tabled until the next meeting." In addition, Mr. Cloud acknowledged during the
July 26, 1999 Appeals Board meeting that he had been given oral notice that the
application had been tabled because he was not the owner. R. 5, p. 3.

so its use is governed by the Town's Shoreland Zoning Ordinance. That Ordinance mandates that no building or rebuilding within the Shoreline Zone be done without a permit from the Planning Board.

When the Town's Code Enforcement Officer, Kenneth Hogate, learned of the deck in the fall of 1998, he sent a letter to Mr. and Mrs. Cloud. In that letter, Mr. Hogate ordered the Clouds to remove the portions of the deck between the camp and the water, and either get a permit for the rest of the deck or remove that, also. Mr. Hogate warned the Clouds that, if compliance had not occurred by October 20, 1998, he would take further enforcement action. Mr. Cloud responded by writing to the Town Selectmen, and asking for additional time to deal with the issue. The Selectmen responded that he would have to deal directly with Mr. Hogate.

The following June, the Clouds requested that the Town's Board of Appeals ("BOA") "review" Mr. Hogate's order, and also requested they be granted a variance. The BOA granted an after-the-fact variance after its meeting on July 26, 1999, and instructed the Clouds to apply for a permit. The BOA refused to rescind that ruling, despite a request from the Planning Board and the Selectmen.

On August 4, 1999, the Clouds filed an application for an after-the-fact permit for the deck and ramp. The Planning Board denied that application on August 11, 1999. The Clouds appealed that denial to the BOA and, on August 31, 1999, the BOA again granted the variance.

## CONCLUSIONS OF LAW

1. The BOA erred when it granted a variance on July 26, 1999 for two reasons:

2

A.) As the Planning Board had never acted upon Mr. Cloud's request for a permit, the Clouds' request for a variance was premature, and the BOA had no authority to take action;[2] and,

B) The Clouds failed to prove that, absent a variance, the land could not yield a reasonable return.

As mentioned above, construction within 100 feet of great ponds is regulated throughout the State of Maine. State law requires municipalities to adopt zoning and land use control ordinances that meet minimum guidelines set by the Board of Environmental Protection for the protection and preservation of shoreland areas. 38 M.R.S.A. §§ 435 & 438-A. The town of Smithfield apparently met that requirement when it adopted the Ordinance mentioned above. Although the entire Ordinance has not been made part of the record, all parties seem to agree that, in order to legally build a deck, the Clouds needed to obtain a building permit from the Planning Board. Because the Planning Board never had an opportunity to act on Mr. Cloud's request for a permit after he acquired ownership of the property, the BOA's action in granting a permit was premature and *ultra vires*.

Even if the BOA had jurisdiction to act on the variance request, however, it erred, as a matter of law, when it granted the Clouds a variance in July 1999. The Appeals section of the Ordinance is found at pages 25 through 28. Section G(2)(c) states that:

The Board shall not grant a variance unless it finds that:

---

2 Even if the court assumes, for the sake of argument, that Mr. Hogate's letter was a denial of a permit and that, therefore, the Clouds had standing to appeal to the BOA, their appeal was not filed within thirty (30) days after the "denial."

(1) The proposed use would meet the provisions of Section 15 except for the specific provision which has created the non-conformity and from which relief is sought; and

(2) The strict application of the terms of this Ordinance would result in undue hardship. The term "undue hardship" shall mean:

    (a) That the land in question cannot yield a reasonable return unless the variance is granted;

    (b) That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

    (c) That the granting of a variance will not alter the essential character of the locality;

    (d) That the hardship is not the result of action taken by the applicant or a prior owner. . . .

The Law Court has consistently applied the language of these ordinances very strictly. In order to grant a variance, the Town authority must be prepared to find that compliance with the Ordinance would result in the "practical loss of substantial beneficial use of the land." Leadbetter v. Ferris, 485 A. 2d 225, 228 (Me. 1984)

During the meeting in July, one of the members of the BOA (Mr. Downing) stated that, while he recognized that state law did not support the granting of a variance, it was "the right thing to do."R.5, p.5. The discussion held among the other members demonstrates that all of them were aware that the reasonable return criterion had not been established by the Clouds. Despite their clear understanding of the law, the BOA granted a variance after the July meeting.

2. The BOA erred when it granted a variance on August 31, 1999 because

there was no showing that the land could not yield a reasonable return unless a variance was granted.

In its Notice of Variance Decision dated September 1, 1999, the BOA determined that the reasonable return criterion was not applicable to the request for a variance. This determination is clear error, and mandates a finding that the variance is invalid.

While the Ordinance appears to be a well-crafted attempt to meet all of the purposes espoused by Title 38, it can only be effective when it is applied logically and consistently. All of the persons charged with the interpretation and enforcement of the Ordinance, except the CEO, are volunteers. The members of the Planning Board and the members of the Board of Appeals are elected or appointed public servants who are not paid for their services. Given the complexity of zoning and land use laws, it must be expected that, despite their best intentions, public servants will make errors in interpretation or application. However, that does not include ignoring the Ordinance or holding that portions of it do not apply. It is unfortunate that the BOA decided to act outside the law, despite its obvious understanding that the Clouds had failed to prove that their request met each criterion mandated by the Ordinance.

## ORDER

Having reviewed the record and the submissions from the parties, the court finds that the BOA made a substantive error of law when it granted a variance to the Clouds. Both of the variances are vacated and set aside. The deck and ramp are to be

5

removed or brought into compliance with the Ordinance.

This Order is to be incorporated into the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: July 6, 2000

Ellen A. Gorman
Justice, Maine Superior Court

6

Date Filed ___09/09/99___ ___Somerset___ Docket No. ___AP-99-016___

County

Action ___Appeal - Governmental Body - 80B___

DONALD L. GARBRECHT
LAW LIBRARY

JUL 14 2000

Town of Smithfield vs. Robert Cloud &
Sharon Cloud

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Philip Mohlar, Esq.<br>PO Box 417<br>Norridgewock ME 04957<br>Tel: #634-2800<br>Bar: #7093 | ~~Daniel Bernier, Esq.~~<br>~~PO Box 708~~<br>~~44 Elm Street~~<br>~~Waterville ME 04903-0708~~<br>~~Tel: #873-0186~~<br>~~Bar: #7747~~ |

Robert Cloud & Sharon Cloud, Pro Se
3073 Seven Lakes West
West End NC 27376

| Date of Entry | |
|---|---|
| 09/13/99 | Complaint, Complaint Summary Sheet, and $120.00 Filing Fee all received and filed 09/09/99.<br><br>Notice and Briefing Schedule forwarded to Philip Mohlar, Esq. and Daniel Bernier, Esq. on this day. |
| 09/21/99 | Letter to Clerk received and filed 09/20/99: "I received a notice of briefing schedule in this matter. However, I have not entered an appearance in this matter. To my knowledge the Cloud's have not yet been served with a complaint pursuant to rule 4. I did represent the Cloud's before the planning board, but the clouds are still debating whether or not they can afford further legal representation. After the clouds have been properly served, the notice of briefing schedule should be sent directly to them unless I enter an appearance." Very truly yours, Daniel J. Bernier, Esq. Forwarded Notice and Briefing Schedule to the Cloud's this day. |
| 10/18/99 | Letter received and filed from Robert Cloud considered as his Brief. |
| 10/19/99 | Brief on Behalf of Town of Smithfield and Record for Review received and filed 10/19/99. |
| 11/16/99 | Brief on Behalf of Robert Cloud & Sharon Cloud and Supplement to Record for Review received and filed 11/15/99. |
| 11/29/99 | Letter received and filed to Clerk: "Please find enclosed Town of Smithfield vs. Robert Cloud, et al., AP-99-016 which is scheduled for oral argument on the December 7, 1999 motion day in Somerset County Superior Court. Upon review of the file, it has been discovered that the appellees did not sign their brief. M.R.Civ.P. 11 requires pro se litigants to sign their pleadings and provides that pleadings which are not signed "shall not be accepted for filing." Accordingly, appellees' brief needs to be removed from the file, returned to them, and the docket corrected to reflect this action. The case should also be removed from the December 7, 1999 motion list. If you have any questions, please feel free to call. Thank you, Yours truly, |