STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. AP-99-79
                                                  NM-CUM- 8/13/2000

THOMAS & DIANE BUCKINGHAM,
et al.,

            Plaintiffs

       vs.                                        DECISION AND ORDER

TOWN OF SCARBOROUGH,
et al.,

            Defendants


       The plaintiffs own properties which abut Glendale Circle or Kerryman Circle

in Scarborough.[1]  They appeal the September 13, 1999 decision of the Town of

Scarborough Planning Board.  For the following reasons, the plaintiffs' appeal is

denied.

       On July 12, 1999, the Planning Board granted final plan approval for a

subdivision, Thurston Woods, located on land owned by defendant Gamage.  See R.

60. In that approval, the Planning Board determined that a road would extend from

Kerryman Circle to the proposed subdivision. See R. 109.  No appeal was filed

regarding this approval.

_____

       [1]The plaintiffs have standing to bring this appeal based on their argument that the removal of
the condition will result in unsafe conditions near the cul de sac. See Leadbetter v. Ferris, 485 A.2d 225,
227 (Me. 1984).

The plan approval was conditioned on defendant Gamage's obtaining approval from the Town of Scarborough Town Council to remove portions of the pavement from the cul de sac at the end of Kerryman Circle. The plan was not to be signed until the Council made its determination. See R. 51-53, 60, 69-70; 30-A M.R.S.A. § 4403(5)(C) (1996). On August 18, 1999, the Town Council voted not to allow removal of the pavement in the cul de sac. See R. 75. On September 13, 1999, the Planning Board voted to eliminate the condition from the subdivision approval. See R. 78.

## Planning Board's Authority to Eliminate Condition

Defendant Gamage requested that the Planning Board amend the final subdivision approval to remove the condition after the Town Council declined to allow removal of the pavement. See R. 62, n.11; 71; 82; 93; 99. There are no time limits imposed on an amendment to a plan. See 30-A M.R.S.A. § 4407 (1996).

## Requirements for Amendment to Final Plan

The September 2, 1999 letter to the Planning Board from Sebago Technics satisfied the requirements of the statute and the Town of Scarborough Subdivision Ordinance for amending a plan. See 30-A M.R.S.A. § 4407; R. 112, 114, 119-21.

## Plaintiffs' Due Process Rights

The filing of a preliminary plan triggers notice requirements, which were complied with in this case. See 30-A M.R.S.A. § 4403(3)(A) (1996); R. 40-45. There are no notice requirements regarding an amendment to a plan. See 30-A M.R.S.A. § 4407. The Town of Scarborough was not required to hold a public hearing regarding

2

the subdivision application. See 30-A M.R.S.A. § 4403(4) (1996). Some of the plaintiffs participated at various stages of the process and a letter submitted from an attorney is referred to in the 2/23/98 minutes. See R. 3, 10, 29, 57-60, 97-99; Crispin v. Town of Scarborough, 1999 ME 112, ¶¶ 22, 24, 736 A.2d 241, 248-49.

Final Plan Satisfies Traffic Safety Requirement

The Planning Board was required to determine that the subdivision would not cause unreasonable road congestion or unsafe conditions regarding the use of proposed or existing roads. See 30-A M.R.S.A. §4404(5) (1996); R. 111. At the September 13 meeting, the planning Board heard from a traffic engineer, who had done an assessment of the cul de sac issue and determined that not removing the pavement would not pose a traffic safety issue. See R. 87-88. There is substantial evidence in the record to support the Planning Board's determination that the plan with no condition regarding the cul de sac pavement satisfied that statute and ordinance. See Veilleux v. City of Augusta, 684 A.2d 413, 415 (Me. 1996); Driscoll v. Gheewalla, 441 A.2d 1023, 1026-27 (Me. 1982); R. 81-88, 90, 92, 98.

The plaintiffs cite no authority for the argument that the original condition regarding the cul de sac imposed by the Planning Board was based on traffic and safety concerns and because nothing changed prior to the amendment except the Town Council vote, the Planning Board exceeded its jurisdiction to eliminate the condition. There was no specific finding at the July 12, 1999 meeting that the traffic standard would not be met if the condition were not imposed. See R. 57-60. One member stated that reconstruction of the circle "made good sense for the traffic" but

3

stated that he would be opposed if eliminating the cul de sac if removal created a non-conforming lot. R. 58-59.

Further, section 4407 does not require changed circumstances; the section does require that the proposed revisions meet the criteria of section 4404. See 30-A M.R.S.A. § 4407; cf. Driscoll, 441 A.2d at 1027 (requirement of substantial change of conditions for second application for a variance). The condition in this plan approval became an impossibility when the Town Council refused to allow the pavement removal.

The entry is

The Plaintiffs' Appeal is DENIED.

The 9/13/99 Decision of the Town of Scarborough
Planning Board is AFFIRMED.

Date: August 13, 2000

Nancy Mills
Justice, Superior Court

4

Date Filed __10-01-99__     CUMBERLAND _____     Docket No. __AP99-79__
                             County     ⌕

Action __APPEAL - 80B_____

THOMAS BUCKINGHAM      KAREN LINDHOM      DANA VOISINE
DIANE BUCKINGHAM       EDWARD MORGAN      WADSWORTH WILLIAMS
MARK DYER              REJINA MORGAN      JOSEPHINE WILLIAMS    VS.    TOWN OF SCARBOROUG
REBECCA DYER           BRUCE SIMPSON      BRENDA VOISINE               GAMAGE REALTY, LLC
NICHOLAS KLEFTIS       CAROLYN SIMPSON
KATHRYN KLEFTIS        JAMES SNOW
DAVID LINDHOLM         LAURIE SNOW               VS.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN BANNON ESQ  773-5651<br>PO BOX 9785, PORTLAND MAINE  04104<br><br>DAVID LOURIE ESQ   799-4922<br>189 Spurwink Ave., CE ME 04107 | CHRISTOPHER VANOITIS, ESQ  774-1200<br>PO BOX 972·9, PORTLAND MAINE  04104<br><br>NATALIE BURNS ESQ. (GAMAGE REALTY)<br>PO BOX  4510 775-7271<br>PORTLAND ME 04112 |

DONALD L. GARBRECHT
LAW LIBRARY

AUG 21 2000

| Date of Entry | |
|---|---|
| **1999**<br>Oct. 04 | Received 10-01-99:<br>Complaint Summary Sheet filed.<br>Plaintiffs' Complaint for review of Governmental Action filed. |
| "    " | |
| Oct. 04 | On 10-4-99.<br>Briefing schedule mailed. Plaintiff's brief due 11-10-99. |
| Oct. 15 | Received 10-15-99;<br>Acceptance of service filed showing receipt of Summons & Complaint on behal<br>of Defendant Gamage Realty, LLC on 10-12-99 to Leslie Lowry, Esq. |
| Oct. 19 | Received 10-19-99:<br>Entry of Appearance of Christopher Vaniotis, Esq., on behalf of defendant<br>Town of Scarborough filed. |
| Oct. 20 | Received 10-20-99:<br>Acceptance of Service filed showing receipt of Summons & Complaint on<br>behalf of defendant Town of Scarborough on 10-15-99 to Chris Vanoitis, Esq. |
| Nov. 04 | Received 11/04/99:<br>Plaintiff's Motion for Enlargement of Time within which to File Brief and Record on Appeal,<br>with Incorporated Memorandum of Law filed. |
| Nov. 05 | Received 11/05/99:<br>ORDER ON ENLARGING TIME WITHIN WHICH PLAINTIFFS MUST FILE BRIEF AND RECORD ON APPEAL<br>filed. (Mills, J.)<br>It is ORDERED that the time within which Plaintiffs must file Plaintiffs' Brief and the<br>record in the above captioned matter is enlarged through November 30, 1999. |
| '"'    '"' | On 11/05/99: Copies mailed to John Bannon and Christopher Vanoitis, Esqs. |
| Nov. 19 | Received 11-19-99.<br>Entry of appearance of Natalie Burns Esq. as counsel for Gamage<br>Realty LLC filed. |