STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                      DOCKET NO. AP-01-062
                                               PAF - YOR - 5/10/2002

MARY V. CHASE,

          Plaintiff/Appellant

                                         ORDER      DONALD L. GARBRECHT
                                                         LAW LIBRARY
     v.                                   AND
                                        DECISION
                                                      MAY 17 2002

TOWN OF YORK and
YORK BOARD OF APPEALS,

          Defendants/Appellees

     Mary Chase, through her son Walter Chase, applied for a building permit for

her house lot in York at 33 Eastern Avenue. Pursuant to the requirements of the

Town of York, the plaintiff sought a shoreland permit from the York

Shoreland/Inland Wetland Permit Review Committee. On June 20, 2001 the

Committee voted to deny the requested permit for numerous reasons adequately

stated in its Final Findings of Fact. The proposed home would be on a 5,564 square

foot lot, which is well under the current 12,000 square foot minimum lot size,

would be within 100 feet of a wetland and would result in the filling in of some

wetlands.

     Ms. Chase appealed the Committee's decision to the Board of Appeals and

also sought a variance from it. After a hearing on September 12, 2001 the

administrative appeal was denied by a 4-1 vote and the request for a variance was

denied by a 3-2 vote. A review of the record presented, particularly the minutes of

the hearing, indicates why the Board of Appeals rejected the administrative appeal.

A review of that decision indicates that the Board of Appeals did not commit error in denying the Administrative Appeal given, at least, the 100 foot wetland setback requirement.

It is more difficult to review the denial of the requested variance. It is clear that the requested variance was denied, but neither the minutes of the board's hearing nor the variance Schedule A attached to the Official Record of the Board of Appeals gives the Superior Court enough information to review.

In order to have a meaningful review of the denial of the request for a variance, this case will be remanded to the York Board of Appeals with the request that the Board state briefly in writing which, if any, of the four criteria for a variance were met and why each criteria was or was not met. It is not sufficient to suggest that the Board's decision and reasoning can be gleaned from reading the transcript of the September 12, 2001 hearing. The transcript consists of arguments made for and against the proposal and contains the questions and thoughts of individual Board members as they sorted through the case and sought a just result. None of the documents, however, clearly present exactly what the majority of the Board did and why they did it.

Two recent opinions of the Maine Supreme Judicial Court stress the importance of adequate findings by the local board or agency. See *Chapel Road Associates, L.L.C. v. Town of Wells*, 2001 ME 178 (December 27, 2001) and *Christian Fellowship & Renewal Center v. Town of Limington*, 2001 ME 16, ¶10-15, 769 A.2d 834, 837-9.

The entry is:

Appeal from the denial of the Administrative Appeal by the York Board of Appeals is denied. Denial of the Administrative Appeal is affirmed.

Remanded to the York Board of Appeals for further findings regarding the requested variance. Jurisdiction is retained by the Superior Court. The plaintiff shall submit any supplemental memorandum within 30 days after the further findings are filed with the Superior Court. The defendant may respond within 30 days after the plaintiff's submission and the plaintiff may submit its reply within 14 days thereafter. The matter will be decided without further oral argument unless further oral argument is requested.

Dated:    May *10*, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
GREGORY J ORSO ESQ
ERWIN OTT CLARK & CAMPBELL
PO BOX 545
YORK ME    03909-0545

DEFENDANT
DURWARD W PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME    04043

STATE OF MAINE

YORK, ss.

MARY V. CHASE,

       Plaintiff/Appellant

v.

TOWN OF YORK and
YORK BOARD OF APPEALS,

       Defendants/Appelles

ORDER FOLLOWING
REMAND

DONALD L. GARBRECHT
LAW LIBRARY

OCT 18 2002

An order and decision of May 10, 2002 affirmed the denial of an administrative appeal but remanded the appeal from the denial of a variance to the York Board of Appeals for further findings. The Board, through separate statements from the three members who voted against granting a variance, has made its additional findings. The parties have submitted supplemental written arguments.

The statements of the three Board members make clear why a majority of the board denied a variance. In order to obtain a variance the petitioner must demonstrate that the strict application of the ordinance to the property would cause "undue hardship." "Undue hardship" requires the petitioner to establish, among other factors, that the need for the variance was due to the unique circumstances of the property and not to the general conditions in the neighborhood. *See* 30-A M.R.S.A. §435 3(4)(B) and *Waltman v. Town of Yarmouth*, 592 A.2d 1079, 80-1 (Me. 1991).

The majority of the Board had sufficient evidence to make its finding that the unique circumstances requirement was not met. There is no legal error in that finding and none of the other arguments of the plaintiff entitle her to any relief.

The entry is:

Decision of the York Board of Appeals denying a variance is affirmed.
Judgment for the defendants.

Dated:        October 16, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
GREGORY J. ORSO, ESQ.
ERWIN OTT CLARK & CAMPBELL
PO BOX 545
YORK ME   03909-0545


DEFENDANTS:
DURWARD W. PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043